UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SOFT PRETZEL FRANCHISE SYSTEMS, INC. | : : | Civil Action No. |
| v. | : : : | ORDER |
| TWIN CITY FIRE INSURANCE COMPANY and THE HARTFORD | : : | |

# **ORDER**

AND NOW, on this _____ day of _____ 2022, upon consideration of Plaintiff, Soft Pretzel Franchise Systems, Inc.'s Motion for Judgment on the Pleadings, and any opposition thereto, it is hereby ORDERED and DECREED that Plaintiff's Motion is **GRANTED** and any and all claims against Defendant shall provide defense and indemnity to Soft Pretzel Franchise Systems, Inc.

BY THE COURT:

_____

J.

UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SOFT PRETZEL FRANCHISE SYSTEMS, INC. | : | Civil Action No.   2:22-cv-01277 |
| v. | : | |
| TWIN CITY FIRE INSURANCE COMPANY and THE HARTFORD | : | |

### SOFT PRETZEL FRANCHISE SYSTEMS, INC.'S
### MOTION TO JUDGENT ON THE PLEADINGS

Plaintiff SOFT PRETZEL FRANCHISE SYSTEMS, INC. ("SPFS"), by its attorneys, LAW OFFICE OF DONNA M. DIPIETRO, file this Motion on the Pleadings Pursuant to Federal Rule of Civil Procedure 12©.

### SUBSTANTIVE ALLEGATIONS

1. On or about September 15, 2021, Jennifer Jackiw ("Jackiw") commenced an action captioned <u>Jennifer Jackiw v. American Conveyor Systems, Inc. et al</u>, Case ID No. 210901129 which is pending in the Court of Common Pleas of Philadelphia County, Pennsylvania (the "Underlying Action"). See Plaintiff's Complaint attached hereto as Exhibit "A".

2. In the Underlying Action, Jackiw seeks damages for injuries she sustained in an accident that took place on June 4, 2020, at the Philly Pretzel Factory located 7368 Frankford Avenue, Philadelphia, PA (the "Premises"), where An Original Soft Pretzel, Inc. operated a store.

3. The Underlying Action names American Conveyor Systems, Inc., An Original Soft Pretzel Factory, Inc. dba Philadelphia Pretzel Factory, Soft Pretzel Franchise Systems, Inc., An Original Soft Pretzel Factory, Soft Pretzel Franchise, John/Jane Does (1-10) and John/Jane Doe Companies, Corporations, Partnerships (1-10) as defendants.

4. On June 4, 2020, Jackiw was an employee of An Original Soft Pretzel, Inc. and was injured while in the course and scope of her employment.

5. More specifically, Jackiw's hand made contact with an unguarded area of a pretzel rolling machine resulting in injury.

6. Plaintiff alleges that all the defendants knew or should have known that the failure to equip the Product with interlocks, an adequate lock-out tag out feature, and or adequate injury [sic] would result in serious injury to users.

7. In the Underlying Action, Jackiw sets for a negligence cause of action against SPFS.

8. On May 31, 2022, Jackiw filed her First Amended Complaint (herein after "Amended Complaint" adding Eckert Mechanical and Steven Eckert as Defendants in this Action. See First Amended Complaint attached hereto as Exhibit "B".

9. In the Amended Complaint, Jackiw alleges that Eckert Mechanical and Steven Eckert were responsible for inspecting, repairing, and maintaining the relevant pretzel machines. See Exhibit "B", ¶20.

10. In the Amended Complaint, Jackiw sets for claims of negligence, strict liability, and breach of warranty against SPFS.

11. On or about March 1, 2020, a Business Owners Policy of Insurance was issued by Twin City/The Hartford under Policy Number 13 SBA AA3363 SB (herein after "the Policy"). See Twin City/The Hartford Policy attached hereto as Exhibit "C".

12. The Named Insured of the Policy is An Original Soft Pretzel Factory, Inc

13. The period of the Policy is/was March 1, 2020 – March 1, 2021.

14. The Policy provides coverage for, *inter alia*, bodily injury claims.

15. The applicable limits for bodily injury claims covered under the Policy is $1 Million for the underlying policy and $5 Million in umbrella coverage for a total of $6 Million.

16. The Policy covers the claim arising out of the Underlying Action for the incident that occurred on June 4, 2020, during the policy period.

17. The Certificate of Insurance of the Policy indicates that the Certificate Holder is SPFS and it is explicitly noted that "Soft Pretzel Franchise Systems, Inc. is named as an additional insured with regards to the general liability." See Certificate of Insurance attached hereto as Exhibit "D".

18. The Policy also contains an Endorsement naming SPFS as an additional insured. See copy of Endorsement specifically naming SPFS attached hereto as Exhibit "E".

19. By letter dated October 6, 2021, Allied Insurance Company of America on behalf of its insured SPFS tendered its request for additional insured coverage to Twin City/The Hartford arising from Jackiw's claim.

20. By letter dated October 25, 2021, Twin City/The Hartford denied the tender request made on behalf of SPFS.

**Motion on Pleadings**

21. SPFS qualifies as additional insureds under the Policy issued by Twin City/The Hartford.

22. Based on the Certificate of Insurance of the Policy indicates that the Certificate Holder is SPFS and it is explicitly noted that "Soft Pretzel Franchise Systems, Inc. is named as an additional insured with regards to the general liability." See Exhibit "D".

23. Based on an Endorsement of the Policy, SPFS is an additional insured.

24. The language of the Policy issued by Twin City/The Hartford entitles SPFS to

additional insured coverage.

25. Although duly demanded, Twin City/The Hartford has failed and refused to provide additional insured coverage to SPFS for the claims alleged in the Underlying Action.

26. Interpretation of an insurance policy is a question of law and review in plenary. Westport Ins. Corp. v. Bayer, 284 F.3d 489, 496 (3d. Cir. 2002).

27. In construing the policy, if the words of the policy are clear and unambiguous, the court must give them their plain and ordinary meaning. Pac. Indem. Co. v. Linn, 766 F.2d 754, 760-761 (3d Cir. 1985).

28. When a term is ambiguous, and the intention of the parties cannot be discerned from the policy, the Court may look to extrinsic evidence of the purpose of the insurance, its subject matter, the situation of the parties, and the circumstances around the making of the contract. Id. At 761.

29. Ambiguous terms must be construed against the insurer. Id.

30. SPFS is entitled to defense and indemnity pursuant to a clear reading of the policy. The policy provides in relevant portions

> **A. COVERAGES**
> 1. **BUSINESS LIABILITY COVERAGE (BODILY INJURY, PROPERTY DAMAGE, PERSONAL AND ADVERTISING INJURY)**
> **Insuring Agreement**
> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury" to which this insurance does not apply.
> We may, at our discretion, investigate any "occurrence" or offense and settle any claim or "suit" that may result. But:
> (1) The amount we will pay for damages is limited as described in Section **D.** - Liability And Medical Expenses Limits Of Insurance; and
> (2) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments, settlements or medical expenses to which this insurance applies.
> No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Coverage Extension - Supplementary Payments.

See Exhibit "C" SS 00 08 04 05 (Page 1 of 24) (PDF 60).

31. Based on the above language, the policy would cover the allegations of negligence as alleged in the Underlying Complaint.

32. Moreover, the Policy requires Twin City to defend SPFS as an insured under the clear terms of the Policy.

> **b.** If we defend an insured against a "suit" and an indemnitee of the insured is also named as a party to the "suit", we will defend that indemnitee if all of the following conditions are met:
> (1) The "suit" against the indemnitee seeks damages for which the insured has assumed the liability of the indemnitee in a contract or agreement that is an "insured contract";
> (2) This insurance applies to such liability assumed by the insured;
> (3) The obligation to defend, or the cost of the defense of, that indemnitee, has also been assumed by the insured in the same "insured contract";
> (4) The allegations in the "suit" and the information we know about the "occurrence" are such that no conflict appears to exist between the interests of the insured and the interest of the indemnitee;

See Exhibit "C" SS 00 08 04 05 (Page 3 of 24).

33. The policy designates that "Additional Insureds" may be added and will not be subject to the narrow reading of definition of insured.

34. In this instance, the policy names "SPFS" as an additional insured.

> **F. OPTIONAL ADDITIONAL INSURED COVERAGES**
>
> If listed or shown as applicable in the Declarations, one or more of the following Optional Additional Insured Coverages also apply. When any of these Optional Additional Insured Coverages apply, Paragraph **6.** (Additional Insureds When Required by Written Contract, Written Agreement or Permit) of Section **C.**, Who Is An Insured, does not apply to the person or organization shown in the Declarations. These coverages are subject to the terms and conditions applicable to Business Liability Coverage in this policy, except as provided below:

See Exhibit "C" SS 00 08 04 05 (Page 18 of 24).

35. Under the definition of Additional Insured – Grantor of Franchise, it explicitly states that SPFS would be considered an Insured.

```
F. OPTIONAL ADDITIONAL INSURED COVERAGES If listed or shown as
applicable in the Declarations, one or more of the following
Optional Additional Insured Coverages also apply. When any of
these Optional Additional Insured Coverages apply, Paragraph 6.
(Additional Insureds When Required by Written Contract, Written
Agreement or Permit) of Section C., Who Is An Insured, does not
apply to the person or organization shown in the Declarations.
These coverages are subject to the terms and conditions
applicable to Business Liability Coverage in this policy, except
as provided below:

3. Additional Insured - Grantor Of Franchise WHO IS AN INSURED
under Section C. is amended to include as an additional insured
the person(s) or organization(s) shown in the Declarations as an
Additional Insured - Grantor Of Franchise, but only with respect
to their liability as grantor of franchise to you.
```

See Exhibit "C", SS 00 08 04 05 (Page 18 of 24, PDF 77).

36. The policy does not define "only with respect to their liability as grant of franchise to you."

37. As such, in reading the policy where it unclear towards the insured, SPFS is entitled to defense and indemnity.

38. The endorsement reads as follows:

```
                    ADDITIONAL INSURED - GRANTOR FRANCHISE


                    LOC 001/002 BLDG 001
                    SOFT PRETZEL FRANCHISE SYSTEMS INC
                    1525 FORD RD
                    BENSALEM, PA 19020
```

See Exhibit "C".  Form IH 12 00 11 85 T. Seq. No. 001, PDF 161/222.

      39.      The endorsement does not apply any specific limitations.

      40.      Moreover, SPFS relied upon this policy with Twin City with expectations that instances such as the allegations alleged in the Complaint would protect SPFS.

Date 6-30-22

                                              William P. Barrett, Esquire
                                              Ryan A. Nolan, Esquire
                                              Attorney for Plaintiff,
                                              Soft Pretzel Franchise Inc.

UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SOFT PRETZEL FRANCHISE SYSTEMS, INC. | : | Civil Action No. 2:22-cv-01277 |
| v. | : | |
| | : | |
| | : | |
| TWIN CITY FIRE INSURANCE COMPANY and THE HARTFORD | : | |

**PLAINTIFF'S MEMORANDUM OF LAW IN
SUPPORT OF JUDGMENT ON THE PLEADINGS**

Plaintiff Soft Pretzel Franchise Systems, Inc. by and through its counsel, hereby moves for Judgment on the Pleadings.

**I.    MATTER BEFORE THE COURT**

Plaintiff's Motion for Judgment on Pleadings

**II.    QUESTION PRESENTED**

Q: Should Twin City Fire Insurance Company provide a defense and indemnification to Soft Pretzel Franchise Systems, Inc. where it was a named insured at the time of the underlying incident?

**Suggested Answer:**    **Yes**.

**III.    PROCEDURAL HISTORY**

This is a declaratory judgment action following the lawsuit currently pending in Philadelphia Court of Common Pleas filed on September 15, 2021. This declaratory action was filed on April 26, 2022. Following a Rule 16 conference, on May 19, 2022, this Court issued an Order that motions for judgment on pleadings be filed on or before June 30, 2022.

IV. **FACTUAL BACKGROUND**

On or about September 15, 2021, Jennifer Jackiw ("Jackiw") commenced an action captioned <u>Jennifer Jackiw v. American Conveyor Systems, Inc. et al</u>, Case ID No. 210901129 which is pending in the Court of Common Pleas of Philadelphia County, Pennsylvania (the "Underlying Action"). In the Underlying Action, Jackiw seeks damages for injuries she sustained in an accident that took place on June 4, 2020, at the Philly Pretzel Factory located 7368 Frankford Avenue, Philadelphia, PA (the "Premises"), where An Original Soft Pretzel, Inc. operated a store.

The Underlying Action names American Conveyor Systems, Inc., An Original Soft Pretzel Factory, Inc. dba Philadelphia Pretzel Factory, Soft Pretzel Franchise Systems, Inc., An Original Soft Pretzel Factory, Soft Pretzel Franchise, John/Jane Does (1-10) and John/Jane Doe Companies, Corporations, Partnerships (1-10) as defendants. On June 4, 2020, Jackiw was an employee of An Original Soft Pretzel, Inc. and was injured while in the course and scope of her employment. More specifically, Jackiw's hand made contact with an unguarded area of a pretzel rolling machine resulting in injury. Plaintiff alleges that all the defendants knew or should have known that the failure to equip the Product with interlocks, an adequate lock-out tag out feature, and or adequate injury [sic] would result in serious injury to users. In the Underlying Action, Jackiw sets for a negligence cause of action against SPFS.

Jackiw filed her First Amended Complaint on May 31, 2022. She identified new Defendants Eckert Mechanical and Steven J. Eckert. She also brought claims of negligence, strict liability, and Breach of Warranty against all of the Defendants.

On or about March 1, 2020, a Business Owners Policy of Insurance was issued by Twin City/The Hartford under Policy Number 13 SBA AA3363 SB (herein after "the Policy"). The Named Insured of the Policy is An Original Soft Pretzel Factory, Inc. The period of the Policy

is/was March 1, 2020 – March 1, 2021.  The Policy provides coverage for, *inter alia*, bodily injury claims.  The applicable limits for bodily injury claims covered under the Policy is $1 Million for the underlying policy and $5 Million in umbrella coverage for a total of $6 Million.  The Policy covers the claim arising out of the Underlying Action for the incident that occurred on June 4, 2020, during the policy period.

The Certificate of Insurance of the Policy indicates that the Certificate Holder is SPFS and it is explicitly noted that "Soft Pretzel Franchise Systems, Inc. is <u>named as an additional insured with regards to the general liability</u>." (Emphasis added) The Policy also contains an Endorsement naming SPFS as an additional insured. By letter dated October 6, 2021, Allied Insurance Company of America on behalf of its insured SPFS tendered its request for additional insured coverage to Twin City/The Hartford arising from Jackiw's claim. By letter dated October 25, 2021, Twin City/The Hartford denied the tender request made on behalf of SPFS. Plaintiff now moves for declaratory judgment finding that Twin City owes a defense and indemnity to SPFS.

V. **LEGAL ARGUMENT**

    a. <u>Standard of Review</u>

Federal Rules of Civil Procedure 12 (c) allows a party to move for judgment "after the pleadings are closed – but early enough not to delay trial…." Fed. R. Civ. 12(c).  Judgment on pleadings is appropriate "if the movant clearly establishes there are no material issues of fact, and he is entitled to judgment as a matter of law." <u>Sikirica v. Nationwide Ins. Co.</u>, 416 F. 3d 214, 220 (3d Cir. 2005).

In reviewing a motion for judgment on the pleadings pursuant to Rule 12 (c), the Court "views the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party."  <u>Rosenau v. Unifund Corp.</u>, 539 F. 218, 221 (3d Cir.

2008).

Interpretation of an insurance policy is a question of law and review in plenary. Westport Ins. Corp. v. Bayer, 284 F.3d 489, 496 (3d. Cir. 2002). In construing the policy, if the words of the policy are clear and unambiguous, the court must give them their plain and ordinary meaning. Pac. Indem. Co. v. Linn, 766 F.2d 754, 760-761 (3d Cir. 1985). When a term is ambiguous, and the intention of the parties cannot be discerned from the policy, the Court may look to extrinsic evidence of the purpose of the insurance, its subject matter, the situation of the parties, and the circumstances around the making of the contract. Id. At 761. Ambiguous terms must be construed against the insurer. Id.

Under Pennsylvania law, the objective of insurance policy interpretation is to ascertain the most reasonable, probable intention of the parties, while focusing on the reasonable expectations of the insured. See Madison Const. Co. v. Harleysville Mut. Ins. Co., 557 Pa. 595, 606 (Pa. 1999). These intentions derive from the plain language of the document – considered as a whole – reading the policy to avoid ambiguities. Am. & Foreign Ins. Co. v. Jerry Sports Ctr., Inc., 606 Pa. 584 (Pa 2010).

Under Pennsylvania law, an insurer's duty to defend is determined by comparing the allegations in the third parties' complaint to the conditions of the insurance policy at issue. See Sikirica v. Nationwide Ins. Co., 416 F.3d 214 at 226-7 (3d Cir. 2005).

> The duty to defend is a distinct obligation, different from and broader than the duty to indemnify. Because the duty to defend is broader than the duty to indemnify, there is no duty to indemnify if there is no duty to defend. After determining the scope of coverage under a policy, the Court must examine the complaint in the underlying action to determine whether it triggers coverage. If the Complaint avers fact that might support recovery under the policy, coverage is triggered and the insured has a duty to defend. Both the duty to defend and duty to indemnify flow from the determination that the complaint triggers coverage. Id. At 225-226.

  b. <u>SPFS is entitled to defense and indemnity pursuant to a clear reading of the policy</u>

The policy provides in relevant portions

## A. COVERAGES

### 1. BUSINESS LIABILITY COVERAGE (BODILY INJURY, PROPERTY DAMAGE, PERSONAL AND ADVERTISING INJURY)

**Insuring Agreement**

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury" to which this insurance does not apply.

We may, at our discretion, investigate any "occurrence" or offense and settle any claim or "suit" that may result. But:

(1) The amount we will pay for damages is limited as described in Section D. - Liability And Medical Expenses Limits Of Insurance; and

(2) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments, settlements or medical expenses to which this insurance applies.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Coverage Extension - Supplementary Payments.

See Exhibit "C' SS 00 08 04 05 (Page 1 of 24) (PDF 60).  Based on the above language, the policy would cover the allegations of negligence as alleged in the Underlying Complaint.  The policy also includes a Duty to Defend Named Insureds.  See Exhibit "C" cited below.

Duty to Defend

> b. If we defend an insured against a "suit" and an indemnitee of the insured is also named as a party to the "suit", we will defend that indemnitee if all of the following conditions are met:
> (1) The "suit" against the indemnitee seeks damages for which the insured has assumed the liability of the indemnitee in a contract or agreement that is an "insured contract";
> (2) This insurance applies to such liability assumed by the insured;
> (3) The obligation to defend, or the cost of the defense of, that indemnitee, has also been assumed by the insured in the same "insured contract";
> (4) The allegations in the "suit" and the information we know about the "occurrence" are such that no conflict appears to exist between the interests of the insured and the interest of the indemnitee;

See Exhibit "C' SS 00 08 04 05 (Page 3 of 24, PDF 62).

The policy designates that "Additional Insureds" may be added and will not be subject to the narrow reading of definition of insured.   In this instance, the policy names "SPFS" as an additional insured.

> F. OPTIONAL ADDITIONAL INSURED COVERAGES
> If listed or shown as applicable in the Declarations, one or more of the following Optional Additional Insured Coverages also apply. When any of these Optional Additional Insured Coverages apply, Paragraph 6. (Additional Insureds When Required by Written Contract, Written Agreement or Permit) of Section C., Who Is An Insured, does not apply to the person or organization shown in the Declarations. These coverages are subject to the terms and conditions applicable to Business Liability Coverage in this policy, except as provided below:

See Exhibit "C' SS 00 08 04 05 (Page 18 of 24, PDF 77).

> 3. **Additional Insured - Grantor Of Franchise**
> WHO IS AN INSURED under Section C. is amended to include as an additional insured the person(s) or organization(s) shown in the Declarations as an Additional Insured - Grantor Of Franchise, but only with respect to their liability as grantor of franchise to you.

<u>See</u> Exhibit "C' SS 00 08 04 05 (Page 18 of 24, PDF 77).  The policy does not define "only with respect to their liability as grant of franchise to you."  As such, in reading the policy where it unclear towards the insured, SPFS is entitled to defense and indemnity.

The endorsement reads as follows:

```
ADDITIONAL INSURED - GRANTOR FRANCHISE



LOC 001/002 BLDG 001
SOFT PRETZEL FRANCHISE SYSTEMS INC
1525 FORD RD
BENSALEM, PA 19020
```

<u>See</u> Exhibit "C' Form IH 12 00 11 85 T. Seq. No. 001, PDF 161/222.  The endorsement does not apply any specific limitations.

## VI.  CONCLUSIONS

Where Twin City does not define "Grantor Franchise" or specifically designate the exclusions, SPFS is entitled to defense and indemnity under the policy at this time.  Under a clear reading of the Complaint, and the Policy, it is clear the parties intended SPFS to be an "Additional Insured" and afforded defense and indemnity should a future action arise.

Date:6-30-22

                                                   William P. Barrett, Esquire
                                                 Ryan A. Nolan, Esquire
                                                 Attorney for Plaintiff,
                                                 Soft Pretzel Franchise Systems Inc.

UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SOFT PRETZEL FRANCHISE SYSTEMS, INC. | : | Civil Action No.  2:22-cv-01277 |
| v. | : | |
| | : | |
| TWIN CITY FIRE INSURANCE COMPANY and THE HARTFORD | : | |

CERTIFICATE OF SERVICE

I do hereby certify that service of a true and correct copy of the above Motion for Judgment on the Pleadings was made on the 30th day of June, 2022 and served on all counsel of record by the e filing system.

Date:6-30-22

William P. Barrett, Esquire
Ryan A. Nolan, Esquire
Attorney for Plaintiff,
Soft Pretzel Franchise Systems Inc.