**MESSA & ASSOCIATES, P.C.**
By:   Joseph L. Messa, Jr., Esquire
        Ramon A. Arreola, Esquire
Attorney I.D. Nos. 53645/205499
123 S. 22nd Street
Philadelphia, PA  19103
(215) 568-3500/Fax: (215) 568-3501

Attorneys for Plaintiff



*Filed and Attested by the Office of Judicial Records 31 MAY 2022 04:59 pm E. HAURIN*

**Jennifer Jackiw**
8033 Crispin Street
Philadelphia, PA 19136

                    Plaintiff,

   -VS -

**American Conveyor Systems, Inc.**
1601 Harmer Street, Building C
Levittown, PA 19057

and

**RTJ, Inc., d/b/a American Conveyor Systems**
1601 Harmer Street, Building C
Levittown, PA 19057

and

**Soft Pretzel Franchise Systems, Inc.**
7368 Frankford Ave
Philadelphia, PA 19136

and

**Eckert Mechanical, LLC a/k/a, d/b/a, t/a Eckert Mechanical Limited Liability Company**
8 Hyde Lane
Westhampton, NJ 08060

and

**Steven J. Eckert**
8 Hyde Lane
Westhampton, NJ 08060

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY, PA.

CIVIL ACTION

SEPTEMBER TERM 2021

No.: 1129

and

John/Jane Does (1-10),

and

John/Jane Doe Companies, Corporations, Partnerships (1-10),

Defendants.

---

**NOTICE TO DEFEND**

You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served by entering a written appearance personally or by attorney and filing in writing with the court your defense or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL AND INFORMATION
SERVICE
1101 Market Street, #11
Philadelphia, Pennsylvania  19107
Telephone:  215-238-6333

**AVISO**

Le han demandado a usted en la corte.  Si usted quiere defendersc de estas demandas expuestas en las paginas signuientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion.  Hace falta assentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona.  Sea avisado que si usted no se defiende, la courte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion.  Ademas, la corte puede decidir a favor del demandante y requiere que usted compla con todas las provisiones de esta demanda.  usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE, SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO.  VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASOCIACION DE LICENCIADOS DE FILADELFIA
SERVICIO DE REFERENCIA E INFORMACION LEGAL
1101 Market Street, #11
Filadelfia, Pennsylvania  19107
Telefono:  215-238-6333

Case ID: 210901129

**MESSA & ASSOCIATES, P.C.**
By:     Joseph L. Messa, Jr., Esquire
        Ramon A. Arreola, Esquire         **Attorneys for Plaintiff**
Attorney I.D. Nos. 53645/205499
123 S. 22nd Street
Philadelphia, PA  19103
(215) 568-3500/Fax: (215) 568-3501

| | |
|---|---|
| **Jennifer Jackiw**<br>8033 Crispin Street<br>Philadelphia, PA 19136 | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY, PA. |
|                 Plaintiff, | CIVIL ACTION |
|   -VS - | SEPTEMBER TERM 2021 |
| **American Conveyor Systems, Inc.**<br>1601 Harmer Street, Building C<br>Levittown, PA 19057 | No.: 1129 |

and

**RTJ, Inc., d/b/a American Conveyor
Systems**
1601 Harmer Street, Building C
Levittown, PA 19057

and

**Soft Pretzel Franchise Systems, Inc.**
7368 Frankford Ave
Philadelphia, PA 19136

and

**Eckert Mechanical, LLC a/k/a, d/b/a, t/a
Eckert Mechanical Limited Liability
Company**
8 Hyde Lane
Westhampton, NJ 08060

and

**Steven J. Eckert**
8 Hyde Lane
Westhampton, NJ 08060

and

John/Jane Does (1-10),

and

John/Jane Doe Companies, Corporations,
Partnerships (1-10),

              Defendants.

## FIRST AMENDED COMPLAINT

Plaintiff, Jennifer Jackiw, by and through her counsel, hereby alleges:

1.      Plaintiff, Jennifer Jackiw, (hereinafter "Ms. Jackiw" and/or "Plaintiff") is an adult individual who resides at the above-captioned address.

2.      Defendant, American Conveyor Systems, Inc. is a corporation or other business entity with its corporate headquarters/principal place of business located at the above address. Upon information and belief, Defendant, American Conveyor regularly and systematically conducts business in Philadelphia County through its business activities, including the manufacture, design, supply, distribution, marketing, and sale of conveyor and material handling equipment including Stainless Steel Right Hand Pretzel Stringer (pretzel rolling machines), by and through its direct activities and those of its subsidiaries and/or licensed distributors/service companies.

3.      Defendant RTJ, Inc., d/b/a American Conveyor Systems is a corporation or other business entity with its corporate headquarters/principal place of business located at the above address. Upon information and belief, Defendant, American Conveyor regularly and systematically conducts business in Philadelphia County through its business activities, including the manufacture, design, supply, distribution, marketing, and sale of conveyor and material handling equipment including Stainless Steel Right Hand Pretzel Stringer (pretzel rolling

Case ID: 210901129

machines), by and through its direct activities and those of its subsidiaries and/or licensed distributors/service companies.

4.      Defendants American Conveyor Systems, Inc. and RTJ, Inc., d/b/a American Conveyor Systems shall be collectively referred to as "American Conveyor."

5.      Defendant Soft Pretzel Franchise Systems, Inc. is a corporation or other business entity with its corporate headquarters/principal place of business located at the above address. Defendant Soft Pretzel Franchise Systems, Inc. regularly and systematically conducts business throughout the Commonwealth of Pennsylvania and Philadelphia County through its business activities, including the manufacture, supply, distribution, marketing, and sale of baked goods as well as the manufacture, design, supply, distribution, marketing, and sale of conveyor and material handling equipment including Stainless Steel Right Hand Pretzel Stringer (pretzel rolling machines).

6.      Defendant Eckert Mechanical, LLC a/k/a, d/b/a, t/a Eckert Mechanical Limited Liability Company is a corporation or other business entity with its corporate headquarters/principal place of business located at the above address.  Defendant Eckert Mechanical, LLC regularly and systematically conducts business throughout the Commonwealth of Pennsylvania and Philadelphia County through its business activities, including the sale, distribution, repair, maintenance, and/or inspection of conveyor and material handling equipment including Stainless Steel Right Hand Pretzel Stringer (pretzel rolling machines).

7.      Defendant Steven J. Eckert is the principal of Eckert Mechanical, LLC

8.      Defendants John/Jane Does 1-10 are fictitious individuals, entities, partnerships, corporations, companies, etc., whose true identities are currently unknown to Plaintiff who

Case ID: 210901129

manufactured, designed, supplied, sold, distributed, placed into the stream of commerce, installed, erected, repaired, maintained assembled and/or otherwise performed any work on the conveyor.

9.      Defendants John/Jane Does 1-10 are fictitious individuals, entities, partnerships, corporations, companies, etc., whose true identities are currently unknown to Plaintiff who owned, possessed, leased and/or were otherwise responsible for the conveyor and/or the premises where Plaintiff worked at the time of the incident and who were responsible for providing Ms. Jackiw with a work environment free from dangerous conditions.

10.      Plaintiff reserves the right to substitute named persons in place of John/Jane Does.

11.      Defendants John/Jane Doe Companies, Corporations, Partnerships 1-10 are fictitious corporations, partnerships, businesses, LLCs, LLPs, sole proprietorships, and/or other corporate entities, whose true identities are currently unknown to Plaintiff who manufactured, designed, supplied, sold, distributed, placed into the stream of commerce, installed, erected, repaired, assembled and/or otherwise performed any work on the subject conveyor.

12.      Defendants John/Jane Doe Companies, Corporations, Partnerships 1-10 are fictitious corporations, partnerships, businesses, LLCs, LLPs, sole proprietorships, and/or other corporate entities, whose true identities are currently unknown to Plaintiff who owned, possessed, leased and/or were otherwise responsible for the conveyor and/or the premises where Plaintiff worked at the time of the incident and who were responsible for providing Ms. Jackiw with a work environment free from dangerous conditions.

13.      Plaintiff reserves the right to substitute named persons/entities in place of John/Jane Doe Companies, Corporations, Partnerships 1-10.

14.     Plaintiff avers that he has conducted a reasonable search to determine the actual names of John/Jane Does 1-10 and John/Jane Doe Companies, Corporations, Partnerships 1-10 in accordance with Pennsylvania Rule of Civil Procedure 2005.

15.     Venue is appropriate in Philadelphia County because the incident occurred in Philadelphia County.

16.     This court has jurisdiction over the subject matter based upon the fact that Defendants are forum state defendants.

17.     The "Product" involved in Ms. Jackiw's incident was an American Conveyor pretzel rolling machine, a "Stainless Steel Right Hand Pretzel Stringer, Serial No. 05-089."

18.     The machine was designed, manufactured, supplied and/or otherwise placed into the stream of commerce by American Conveyor.

19.     Soft Pretzel Franchise Systems, Inc. was the co-designer of the American Conveyor pretzel rolling machine.

20.     Upon information and belief, Eckert Mechanical, LLC and Steven J. Eckert were responsible for inspecting, repairing, and/or maintaining the subject machine.

21.     Plaintiff reserves the right to substitute named persons/entities in place of John/Jane Doe Companies, Corporations, Partnerships 1-10.

22.     Plaintiff avers that he has conducted a reasonable search to determine the actual names of John/Jane Does 1-10 and John/Jane Doe Companies, Corporations, Partnerships 1-10 in accordance with Pennsylvania Rule of Civil Procedure 2005.

23.     At all times relevant hereto, the Defendants, including the John/Jane Doe entities which are currently unknown to Plaintiff, individually and/or collectively, and through its officers, directors, employees, successors, predecessors, servants, franchisees, franchisors, trade names, distributors, sales forces, and/or agents of any and all other types, were in the business of designing,

Case ID: 210901129

manufacturing, testing, distributing, supplying, repairing, inspecting, maintaining industrial equipment, and/or running a food service business and liability is imposed on Defendants under the laws of agency, respondeat superior, and/or vicarious liability.

24.     On June 4, 2020, Ms. Jackiw was performing work a Philly Pretzel Factory facility located at 7368 Frankford Avenue in Philadelphia.

25.     Soft Pretzel Franchise Systems, Inc., had responsibility for the implementation and enforcement of safety policies and procedures at Philly Pretzel Factory facilities.

26.     Ms. Jackiw was on the property as a business invitee and owed the highest duty under the law.

27.      As part of her normal work responsibilities, Ms. Jackiw was required to work with industrial equipment, including pretzel rolling machines.

28.     The pretzel rolling machine was supplied in a defective and unreasonably dangerous condition.

29.     Specifically, the pretzel rolling machine lacked an interlock and/or adequately designed lock-out tag out feature and/or adequate guarding to prevent incidents such as Plaintiff's incident

30.     As part of her normal work responsibilities, Ms. Jackiw was required to "scrape dough" while the pretzel rolling machine was in operation.

31.     While performing her normal job duties, Ms. Jackiw's hand inadvertently made contact with an unguarded area of the pretzel rolling machine, resulting in catastrophic injuries.

32.     The Defendants, individually and/or collectively, knew or should have known that users would need to "scrape dough" during the normal and foreseeable use of the product.

33.     The Defendants knew or should have known that the failure to equip the Product with interlocks, an adequate lock-out tag out feature, and/or appropriate guards would result in serious injury and/or death to users.

34.     The Defendants recklessly disregarded the known risk of death or serious injury presented to Plaintiff.

35.     Plaintiff was required to use the unguarded pretzel rolling machine in order to complete her work on the premises.

36.     More specifically, it is believed that the pretzel rolling machine was defective and/or failed during normal and foreseeable use insofar as the pretzel rolling machine was defectively designed because it lacked adequate warnings and safeguards, including but not limited to: adequate guard/guarding systems, interlocks, sensors, an adequately designed lock out tag out system, and/or other safeguards which would protect individuals such as Ms. Jackiw from foreseeable harm while using, repairing, cleaning, and/or maintaining the pretzel rolling machine.

37.     American Conveyor and Soft Pretzel Franchise Systems, Inc. participated in the design, sale, distribution, supply, installation and/or placement of the subject pretzel rolling machine into the stream of commerce.

38.     It is believed and therefore averred that, Soft Pretzel Franchise Systems, Inc. was responsible for performing inspection, maintenance, repair work on the pretzel rolling machine.

39.     The Defendants, individually and/or collectively, were responsible for providing Ms. Jackiw with adequately designed and maintained equipment as well as adequate safety training.

40.     The aforementioned incident was factually and directly caused by defects in the pretzel rolling machine and/or the individual and /or collective tortious acts and/or omissions of the Defendants.

41.     The pretzel rolling machine reached the end user (Ms. Jackiw) without substantial change in its condition.

42.     Plaintiff was treated for severe, disfiguring injuries to her body, including right hand injuries, amputation injury to her right forearm, completely macerated hand, forearm distal injury,  shock to her nervous system, as well as other serious physical, emotional, and psychological injuries which are serious and permanent in nature, required medical attention, caused her to suffer great pain and will cause her to suffer damages and medical expenses in the future, all of which she makes claims for.

43.     As a direct, substantial and factual cause of the negligence, recklessness and carelessness of the Defendants and/or the defect(s) of the Product, Plaintiff has undergone surgical procedure(s) and Ms. Jackiw may require additional surgical procedures and/or prosthetics in the future as a result of the injuries suffered from the subject incident.

44.     As a direct, substantial and factual cause of the negligence, recklessness and carelessness of the Defendants and/or the defect(s) of the Product, Plaintiff required medical treatment and care and may require care in the future, including surgery, which would not have been necessary but for Defendants' negligence, recklessness, and carelessness and/or the defects of the Product.

45.     As a direct, substantial and factual cause of the negligence, recklessness and carelessness of the Defendants and/or the defect(s) of the Product, Plaintiff has suffered and will suffer, and/or may suffer in the future pain and suffering, scarring, disfigurement, humiliation,

embarrassment, inconvenience, aches and pains, restrictions of movement, and the loss of ability to engage in and enjoy normal pursuits and activities of daily living.

46.     As a direct, substantial and factual cause of the negligence, recklessness and carelessness of the Defendants and/or the defect(s) of the Product, Plaintiff has developed or may develop in the future painful conditions and/or arthritic conditions and/or other future medical complications due to her injuries.

47.     As a direct, substantial and factual cause of the negligence, recklessness and carelessness of the Defendants and/or the defect(s) of the Product, Plaintiff has incurred and may incur in the future medical expenses due to her injuries.

48.     As a direct, substantial and factual cause of the negligence, recklessness and carelessness of the Defendants and/or the defect(s) of the Product, Ms. Jackiw has been and will in the future, be unable to attend to her daily and usual duties much to his great detriment and loss, all of which she makes claims for.

49.     As a direct, substantial and factual cause of the negligence, recklessness and carelessness of the Defendants and/or the defect(s) of the Product, Ms. Jackiw has suffered severe shock to her nervous system, great physical pain and mental anguish, pain and suffering, loss of life's enjoyment, all of which may in all likelihood continue for an indefinite time in the future.

50.     As a direct, substantial and factual cause of the negligence, recklessness and carelessness of the Defendants and/or the defect(s) of the Product, Plaintiff has suffered lost earnings, and may in the future suffer a loss of earnings and/or earnings capacity.

**COUNT I – NEGLIGENCE**
**JENNIFER JACKIW V. AMERICAN CONVEYOR SYSTEMS, INC. AND RTJ, INC.**
**JOHN/JANE DOES 1-10, JOHN/JANE DOE COMPANIES, CORPORATIONS,**
**PARTNERSHIPS 1-10**

51.     Plaintiff incorporates herein by reference each and every allegation set forth above.

Case ID: 210901129

52.    At all times material hereto, the American Conveyor Defendants and/or individuals/entities involved in the design, manufacture, distribution, installation and/or supply of the conveyor who are unknown to Plaintiff owed Plaintiff a duty to act in a reasonable manner and to refrain from placing the safety and health of Plaintiff in jeopardy.

53.    Defendants, individually and/or collectively breached the duties it owed to the Plaintiff for the reasons set forth below and herein.

54.    Defendants, individually and/or collectively, and/or through their real or ostensible agents, servants, employees, and/or other individuals, companies, corporations or other entities, currently known to Defendants, but unknown to Plaintiff, breached the duty of care to Plaintiff, *inter alia*, by negligently, carelessly, and recklessly:

    a.  designing, manufacturing, distributing, supplying, installing and/or selling a defective and unreasonably dangerous Product;

    b.  designing, manufacturing, distributing, supplying, installing, and/or selling a defective and unreasonably dangerous Product which lacked the necessary elements to make it safe for use and/or which contained elements that made it unsafe;

    c.  failing to incorporate an alternative and safer design and/or other guards or devices to minimize the risk of failure and/or injury during operation of the Product;

    d.  failing to properly inspect or test the Product in order to identify and correct any defective or unreasonably dangerous conditions discovered;

    e.  failing to warn users, employers, and others about the defective Product;

    f.  negligently and carelessly designing, manufacturing, distributing, supplying, installing, and/or selling the Product without adequate instructions, warnings, safeguards and/or protective devices;

    g.  negligently, carelessly, and recklessly designing, manufacturing, selling, installing, and/or supplying a Product

Case ID: 210901129

which lacked adequate interlocks, sensors, guards, and/or lock out-tag out measures;

h.  negligently, carelessly, and recklessly designing, manufacturing, selling, installing, and/or supplying a Product which lacked adequate interlocks, sensors, guards, and/or lock out-tag out measures;

i.  designing, manufacturing, and/or selling a Product that fails during normal and foreseeable use;

j.  designing, manufacturing, and/or selling a Product that malfunctioned during normal and foreseeable use;

k.  designing, manufacturing, and/or selling a Product that lacked necessary safeguards;

l.  defectively designing the product, insofar as failing to equip the Product with adequate sensors, interlocks or other safety measures which would prevent incidents such as described here and/or injuries to users during normal and foreseeable use of the product;

m.  failing to equip the Product with interlocks, guards or other protective devices;

n.  designing, manufacturing, supplying, and/or selling a Product which contained a defectively designed shut-off/emergency switch;

o.  negligently maintaining, inspecting, and/or repairing the Product;

p.  negligently designing, manufacturing and/or supplying a piece of industrial equipment without adequate warnings, instructions and/or other written materials; and

q.  failing to act as a reasonable seller, designer, manufacturer, and/or distributor of industrial equipment.

55.    The negligence, carelessness, and recklessness of Defendants was the factual, legal, substantial cause of Plaintiff's injuries, damages and losses as set forth more fully herein and incorporated herein by reference.

**WHEREFORE**, Plaintiff Jennifer Jackiw demands judgment in her favor and against all Defendants, individually, jointly, and/or severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars for compensatory damages, punitive damages, all lawful interest, costs, and damages for prejudgment delay.

**COUNT II – STRICT LIABILITY**
**JENNIFER JACKIW V. AMERICAN CONVEYOR SYSTEMS, INC., RTJ, INC.,**
**JOHN/JANE DOES 1-10, JOHN/JANE DOE COMPANIES, CORPORATIONS,**
**PARTNERSHIPS 1-10**

56.     Plaintiff incorporates herein by reference each and every allegation set forth above.

57.     American Conveyor and/or entities currently unknown to Plaintiff, designed, manufactured, distributed, supplied, installed and/or sold the aforementioned Product (pretzel rolling machine) in a defective and unreasonably dangerous condition.

58.     The subject Product (pretzel rolling machine) was unsafe, unreasonably dangerous, and defective for reasons that include, but are not limited to:

    a.  being defective and unreasonably dangerous;

    b.  lacking the necessary elements to make it safe for use and/or containing elements that made it unsafe;

    c.  designing, manufacturing, distributing, supplying and/or selling a defective and unreasonably dangerous Product;

    d.  failing to incorporate an alternative and safer design and/or other guards or devices to minimize the risk of failure and/or injury during operation of the Product;

    e.  failing to properly inspect or test the Product in order to identify and correct any defective or unreasonably dangerous conditions discovered;

    f.  failing to warn users, employers, and others about the defective Product;

    g.  designing, manufacturing, distributing, supplying and/or selling the Product without adequate instructions, warnings, safeguards and/or protective devices;

Case ID: 210901129

h. designing, manufacturing, and/or selling a Product that malfunctioned during normal and foreseeable use;

i. defectively designing the Product, insofar as failing to equip the product with adequate guards, emergency shut-off devices, sensors, interlocks, lock out/tag out measures or other safety measures which would prevent incidents such as Plaintiff's during normal and foreseeable use;

j. failing to equip the Product with interlocks/lock-out tagout measures;

k. designing, manufacturing, supplying, and/or selling a Product which contained a defectively designed shut-off/emergency switch;

l. failing to provide post-sale warnings of defects which were discovered following the sale of the product;

m. making misrepresentations about the character of quality of the Product which were contained on the on-Product labeling and/or the Product's literature and/or advertising

n. designing, manufacturing, and/or selling a Product that fails during use; and

o. failing to contain adequate warnings, instructions, safeguards, labels, decals, etc. to users, employers, and others about its risks during normal operation and the nature of the defect and/or hazard in the Product.

59. The aforementioned Product (pretzel rolling machine) was unreasonably dangerous and lacked the necessary elements to make the use of the Product safe and/or contained unnecessary elements that made it unsafe.

60. The aforementioned Product (pretzel rolling machine) lacked adequate instructions, warnings, safeguards and/or protective devices.

61. The aforementioned Product (pretzel rolling machine) was defective, the defect(s) caused Plaintiff's injury, and the defect(s) existed at the time the Product left the Defendants' control.

62.     The Product (pretzel rolling machine) malfunctioned as defined by Pennsylvania law, that is, there is circumstantial evidence that the Product had a defect, even if the defect cannot be identified, the circumstantial evidence eliminates abnormal use and/or reasonable, secondary causes, and such defects existed at the time the Product left the Defendants' control, and therefore an inference exists that the Product failed due to a defect.

63.     The Product (pretzel rolling machine) failed to perform as a reasonable customer might expect.

64.     The aforementioned defect(s) was/were a factual, legal, and substantial cause of the injuries and damages sustained by Plaintiff as set forth more fully above and incorporated herein by reference.

65.     Accordingly, Defendants are strictly liable for the injuries and damages sustained by Plaintiff pursuant to the Restatement (Second) of Torts and/or Pennsylvania common law.

**WHEREFORE**, Plaintiff Jennifer Jackiw demands judgment in her favor and against all Defendants, individually, jointly, and/or severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars for compensatory damages, punitive damages, all lawful interest, costs, and damages for prejudgment delay.

**COUNT III – BREACH OF WARRANTY**
**JENNIFER JACKIW V. AMERICAN CONVEYOR SYSTEMS, INC., RTJ, INC.,**
**JOHN/JANE DOES 1-10, JOHN/JANE DOE COMPANIES, CORPORATIONS,**
**PARTNERSHIPS 1-10**

66.     Plaintiff incorporates herein by reference each and every allegation set forth above.

67.     American Conveyor and/or entities currently unknown to Plaintiff expressly and/or impliedly warranted that the aforementioned Product (pretzel rolling machine) was of merchantable quality, fit, safe and in the proper condition for the ordinary use for which it was designed and used.

68.   The subject Product (pretzel rolling machine) was unfit, unsafe, not merchantable, and not fit for its particular purpose, for reasons that include but are not limited to:

a. being defective and unreasonably dangerous;

b. lacking the necessary elements to make it safe for use and/or containing elements that made it unsafe;

c. designing, manufacturing, distributing, supplying and/or selling a defective and unreasonably dangerous Product;

d. failing to incorporate an alternative and safer design and/or other guards or devices to minimize the risk of failure and/or injury during operation of the Product;

e. failing to properly inspect or test the Product in order to identify and correct any defective or unreasonably dangerous conditions discovered;

f. failing to warn users, employers, and others about the defective Product;

g. designing, manufacturing, distributing, supplying and/or selling the Product without adequate instructions, warnings, safeguards and/or protective devices;

h. designing, manufacturing, and/or selling a Product that malfunctioned during normal and foreseeable use;

i. designing, manufacturing, supplying, and/or selling a product which contained a defectively designed shut-off/emergency switch;

j. defectively designing the Product, insofar as failing to equip the product with adequate guards, emergency shut-off devices, sensors, interlocks, lock out/tag out measures or other safety measures which would prevent incidents such as Plaintiff's during normal and foreseeable use;

k. failing to equip the Product with interlocks/lock-out tagout measures;

l. designing, manufacturing, and/or selling a Product that fails during use; and

Case ID: 210901129

    m. failing to contain adequate warnings, instructions, safeguards, labels, decals, etc. to users, employers, and others about its risks during normal operation and the nature of the defect and/or hazard in the Product.

69.      In using the aforementioned Product (pretzel rolling machine), Plaintiff relied upon the skill, judgment and implied warranty of merchantability of Defendant, as well as other warranties made by Defendants.

70.      The aforementioned Product (pretzel rolling machine), however, was not of merchantable quality, and was unfit, unsafe and unusable for the ordinary purposes for which it was intended.

71.      As a result of the breach of express and/or implied warranties of the Defendants, Plaintiff suffered injuries and damages as set forth more fully above and incorporated herein by reference.

    **WHEREFORE**, Plaintiff Jennifer Jackiw demands judgment in her favor and against all Defendants, individually, jointly, and/or severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars for compensatory damages, punitive damages, all lawful interest, costs, and damages for prejudgment delay.

## COUNT IV – NEGLIGENCE
### JENNIFER JACKIW v. SOFT PRETZEL FRANCHISE SYSTEMS, INC., JOHN/JANE DOES 1-10, JOHN/JANE DOE COMPANIES, CORPORATIONS, PARTNERSHIPS 1-10

72.      Plaintiff incorporates herein by reference each and every allegation set forth above.

73.      On June 4, 2020, Ms. Jackiw was performing work at a Philly Pretzel Factory facility located at 7368 Frankford Avenue, Philadelphia.

74.      Soft Pretzel Franchise Systems, Inc. and/or entities unknown to Plaintiff had responsibility for the implementation and enforcement of safety policies and procedures at Philly Pretzel Factory facilities.

Case ID: 210901129

75.     Ms. Jackiw was on the property as a business and owed the highest duty under the law.

76.     Soft Pretzel Franchise Systems, Inc. negligently, carelessly, and recklessly failed to ensure that industrial equipment on the premises was not defective and was safe for use.

77.     Soft Pretzel Franchise Systems, Inc. negligently, carelessly and recklessly failed to ensure that the pretzel rolling machine was appropriately inspected, repaired, and/or maintained.

78.     Soft Pretzel Franchise Systems, Inc. designed, supplied, distributed, manufactured, and/or otherwise placed into stream of commerce the defective product involved in the incident.

79.     Soft Pretzel Franchise Systems, Inc. negligently, carelessly, and recklessly failed to implement corporate safety policies and procedures.

80.     Soft Pretzel Franchise Systems, Inc. owed Ms. Jackiw a duty to protect her from foreseeable harm.

81.     Soft Pretzel Franchise Systems, Inc. failed to warn Ms. Jackiw of the defective condition of the pretzel rolling machine.

82.     Soft Pretzel Franchise Systems, Inc. maintained and allowed an unsafe and defective condition on its premises that posed a risk of injury to those lawfully on the premises.

83.     Soft Pretzel Franchise Systems, Inc. breached that duty.

84.     It was foreseeable to Soft Pretzel Franchise Systems, Inc. that the pretzel rolling machine was hazardous and otherwise dangerous for use by Plaintiff.

85.      Soft Pretzel Franchise Systems, Inc. knew or should have known that the pretzel rolling machine was defective and unsafe.

86.     Soft Pretzel Franchise Systems, Inc. knew or should have known that requiring individuals such as Ms. Jackiw to scrape the machine while it was in operation could result in

Case ID: 210901129

serious death or injury and that the machine should have been equipped with interlocks, an adequate lock-out tag out system and/or appropriate guards.

87.  The Soft Pretzel Defendants negligently, carelessly, and recklessly breached the duties it owed to Ms. Jackiw and the public at large by:

  a.  allowing the premises to remain in a dangerous condition and to create dangerous conditions for the Plaintiff and other business invitees;

  b.  failing to identify dangerous conditions on the premises;

  c.  failing to keep and maintain the premises in a safe condition;

  d.  failing to make reasonable inspections of the premises when Defendant knew, or in the exercise of reasonable care, should have known of the dangerous condition upon the premises;

  e.  failing to properly and adequately maintain, repair, and inspect the Product;

  f.  failing to make training and instruction materials available for users on the premises;

  g.  failing to properly and adequately correct the defective and unreasonably safe condition of the Product;

  h.  failing to adopt, enact, employ and enforce proper and adequate safety programs, precautions, procedures, measures and plans for the premises;

  i.  failing to properly and adequately survey and inspect their premises in order to control unreasonable and unsafe conditions;

  j.  failing to warn of the significant danger posed by the Product;

  k.  creating an unsafe and defective condition on the premises that posed a risk which was not likely to be discovered by those on the premises, including by Ms. Jackiw;

  l.  not repairing or curing an unsafe and defective condition on the premises that posed a risk which was not likely to be discovered by those working on the premises, including Ms. Jackiw;

  m.  failing to implement and/or enforce safety policies and procedures;

  n.  failing to exercise due care under the circumstances;

Case ID: 210901129

  o. providing a Product which lacked adequate interlocks, sensors, guards, and/or lock-out tag out measures for use on the premises;

  p. failing to act reasonable under the circumstances; and

  q. negligently supervising the premises.

88. Defendant, individually and/or collectively, and/or through their real or ostensible agents, servants, employees, and/or other individuals, companies, corporations or other entities, currently known to Defendant, but unknown to Plaintiff, breached the duty of care to Plaintiff, *inter alia*, by negligently, carelessly, and recklessly:

  a. designing, manufacturing, distributing, supplying, installing and/or selling a defective and unreasonably dangerous Product;

  b. designing, manufacturing, distributing, supplying, installing, and/or selling a defective and unreasonably dangerous Product which lacked the necessary elements to make it safe for use and/or which contained elements that made it unsafe;

  c. failing to incorporate an alternative and safer design and/or other guards or devices to minimize the risk of failure and/or injury during operation of the Product;

  d. failing to properly inspect or test the Product in order to identify and correct any defective or unreasonably dangerous conditions discovered;

  e. failing to warn users, employers, and others about the defective Product;

  f. negligently and carelessly designing, manufacturing, distributing, supplying, installing, and/or selling the Product without adequate instructions, warnings, safeguards and/or protective devices;

  g. negligently, carelessly, and recklessly designing, manufacturing, selling, installing, and/or supplying a Product which lacked adequate interlocks, sensors, guards, and/or lock out-tag out measures;

Case ID: 210901129

h.  negligently, carelessly, and recklessly designing, manufacturing, selling, installing, and/or supplying a Product which lacked adequate interlocks, sensors, guards, and/or lock out-tag out measures;

i.  designing, manufacturing, and/or selling a Product that fails during normal and foreseeable use;

j.  designing, manufacturing, and/or selling a Product that malfunctioned during normal and foreseeable use;

k.  designing, manufacturing, and/or selling a Product that lacked necessary safeguards;

l.  defectively designing the product, insofar as failing to equip the Product with adequate sensors, interlocks or other safety measures which would prevent incidents such as described here and/or injuries to users during normal and foreseeable use of the product;

m.  failing to equip the Product with interlocks, guards or other protective devices;

n.  designing, manufacturing, supplying, and/or selling a Product which contained a defectively designed shut-off/emergency switch;

o.  negligently maintaining, inspecting, and/or repairing the Product;

p.  negligently designing, manufacturing and/or supplying a piece of industrial equipment without adequate warnings, instructions and/or other written materials; and

q.  failing to act as a reasonable seller, designer, manufacturer, and/or distributor of industrial equipment.

89.    The negligence, carelessness, and recklessness of the Defendants was the factual, legal, substantial cause of Plaintiff's injuries, damages and losses as set forth more fully herein and incorporated herein by reference.

90.    **WHEREFORE**, Plaintiff Jennifer Jackiw demands judgment in her favor and against all Defendants, individually, jointly, and/or severally, in an amount in excess of Fifty

Thousand ($50,000.00) Dollars for compensatory damages, punitive damages, all lawful interest, costs, and damages for prejudgment delay.

## COUNT V – STRICT LIABILITY
**JENNIFER JACKIW V. SOFT PRETZEL FRANCHISE SYSTEMS, INC. JOHN/JANE DOES 1-10, JOHN/JANE DOE COMPANIES, CORPORATIONS, PARTNERSHIPS 1-10**

91.    Plaintiff incorporates herein by reference each and every allegation set forth above.

92.    Soft Pretzel Franchise Systems, Inc. and/or entities currently unknown to Plaintiff designed, manufactured, distributed, supplied, installed and/or sold the aforementioned Product (pretzel rolling machine) in a defective and unreasonably dangerous condition.

93.    The subject Product (pretzel rolling machine) was unsafe, unreasonably dangerous, and defective for reasons that include, but are not limited to:

a.   being defective and unreasonably dangerous;

b.   lacking the necessary elements to make it safe for use and/or containing elements that made it unsafe;

c.   designing, manufacturing, distributing, supplying and/or selling a defective and unreasonably dangerous Product;

d.   failing to incorporate an alternative and safer design and/or other guards or devices to minimize the risk of failure and/or injury during operation of the Product;

e.   failing to properly inspect or test the Product in order to identify and correct any defective or unreasonably dangerous conditions discovered;

f.   failing to warn users, employers, and others about the defective Product;

g.   designing, manufacturing, distributing, supplying and/or selling the Product without adequate instructions, warnings, safeguards and/or protective devices;

h.   designing, manufacturing, and/or selling a Product that malfunctioned during normal and foreseeable use;

Case ID: 210901129

i.  defectively designing the Product, insofar as failing to equip the product with adequate guards, emergency shut-off devices, sensors, interlocks, lock out/tag out measures or other safety measures which would prevent incidents such as Plaintiff's during normal and foreseeable use;

j.  failing to equip the Product with interlocks/lock-out tagout measures;

k.  designing, manufacturing, supplying, and/or selling a Product which contained a defectively designed shut-off/emergency switch;

l.  failing to provide post-sale warnings of defects which were discovered following the sale of the product;

m.  making misrepresentations about the character of quality of the Product which were contained on the on-Product labeling and/or the Product's literature and/or advertising

n.  designing, manufacturing, and/or selling a Product that fails during use; and

o.  failing to contain adequate warnings, instructions, safeguards, labels, decals, etc. to users, employers, and others about its risks during normal operation and the nature of the defect and/or hazard in the Product.

94.  The aforementioned Product (pretzel rolling machine) was unreasonably dangerous and lacked the necessary elements to make the use of the Product safe and/or contained unnecessary elements that made it unsafe.

95.  The aforementioned Product (pretzel rolling machine) lacked adequate instructions, warnings, safeguards and/or protective devices.

96.  The aforementioned Product (pretzel rolling machine) was defective, the defect(s) caused Plaintiff's injury, and the defect(s) existed at the time the Product left the Defendants' control.

97.     The Product (pretzel rolling machine) malfunctioned as defined by Pennsylvania law, that is, there is circumstantial evidence that the Product had a defect, even if the defect cannot be identified, the circumstantial evidence eliminates abnormal use and/or reasonable, secondary causes, and such defects existed at the time the Product left the Defendants' control, and therefore an inference exists that the Product failed due to a defect.

98.     The Product (pretzel rolling machine) failed to perform as a reasonable customer might expect.

99.     The aforementioned defect(s) was/were a factual, legal, and substantial cause of the injuries and damages sustained by Plaintiff as set forth more fully above and incorporated herein by reference.

100.     Accordingly, Defendants are strictly liable for the injuries and damages sustained by Plaintiff pursuant to the Restatement (Second) of Torts and/or Pennsylvania common law.

**WHEREFORE**, Plaintiff Jennifer Jackiw demands judgment in her favor and against all Defendants, individually, jointly, and/or severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars for compensatory damages, punitive damages, all lawful interest, costs, and damages for prejudgment delay.

### COUNT VI – BREACH OF WARRANTY
### JENNIFER JACKIW V. SOFT PRETZEL FRANCHISE SYSTEMS, INC., JOHN/JANE DOES 1-10, JOHN/JANE DOE COMPANIES, CORPORATIONS, PARTNERSHIPS 1-10

101.     Plaintiff incorporates herein by reference each and every allegation set forth above.

102.     Soft Pretzel Franchise Systems, Inc. and/or entities currently unknown to Plaintiff, expressly and/or impliedly warranted that the aforementioned Product (pretzel rolling

machine) was of merchantable quality, fit, safe and in the proper condition for the ordinary use for which it was designed and used.

103.      The subject Product (pretzel rolling machine) was unfit, unsafe, not merchantable, and not fit for its particular purpose, for reasons that include but are not limited to:

p.  being defective and unreasonably dangerous;

q.  lacking the necessary elements to make it safe for use and/or containing elements that made it unsafe;

r.  designing, manufacturing, distributing, supplying and/or selling a defective and unreasonably dangerous Product;

s.  failing to incorporate an alternative and safer design and/or other guards or devices to minimize the risk of failure and/or injury during operation of the Product;

t.  failing to properly inspect or test the Product in order to identify and correct any defective or unreasonably dangerous conditions discovered;

u.  failing to warn users, employers, and others about the defective Product;

v.  designing, manufacturing, distributing, supplying and/or selling the Product without adequate instructions, warnings, safeguards and/or protective devices;

w.  designing, manufacturing, and/or selling a Product that malfunctioned during normal and foreseeable use;

x.  designing, manufacturing, supplying, and/or selling a product which contained a defectively designed shut-off/emergency switch;

y.  defectively designing the Product, insofar as failing to equip the product with adequate guards, emergency shut-off devices, sensors, interlocks, lock out/tag out measures or other safety measures which would prevent incidents such as Plaintiff's during normal and foreseeable use;

z.  failing to equip the Product with interlocks/lock-out tagout measures;

aa. designing, manufacturing, and/or selling a Product that fails during use; and

bb. failing to contain adequate warnings, instructions, safeguards, labels, decals, etc. to users, employers, and others about its risks during normal operation and the nature of the defect and/or hazard in the Product.

104.     In using the aforementioned Product (pretzel rolling machine), Plaintiff relied upon the skill, judgment and implied warranty of merchantability of Defendants, as well as other warranties made by Defendants.

105.     The aforementioned Product (pretzel rolling machine), however, was not of merchantable quality, and was unfit, unsafe and unusable for the ordinary purposes for which it was intended.

106.     As a result of the breach of express and/or implied warranties of the Defendants, Plaintiff suffered injuries and damages as set forth more fully above and incorporated herein by reference.'

**WHEREFORE**, Plaintiff Jennifer Jackiw demands judgment in her favor and against all Defendants, individually, jointly, and/or severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars for compensatory damages, punitive damages, all lawful interest, costs, and damages for prejudgment delay.

### COUNT VII – NEGLIGENCE
### <u>JENNIFER JACKIW v. ECKERT MECHANICAL, LLC, STEVEN J. ECKERT JOHN/JANE DOES 1-10, JOHN/JANE DOE COMPANIES, CORPORATIONS, PARTNERSHIPS 1-10</u>

107.     Plaintiff incorporates herein by reference each and every allegation set forth above.

108.        Upon information and belief, Eckert Mechanical, LLC and Steven J. Eckert and/or entities currently unknown to Plaintiff were responsible for inspecting, repairing, and/or maintaining the subject machine.

109.        Eckert Mechanical, LLC and Steven J. Eckert negligently, carelessly and recklessly failed to ensure that the pretzel rolling machine was appropriately inspected, repaired, and/or maintained.

110.        Eckert Mechanical, LLC and Steven J. Eckert owed Ms. Jackiw a duty to protect her from foreseeable harm.

111.        Eckert Mechanical, LLC and Steven J. Eckert failed to warn Ms. Jackiw of the defective condition of the pretzel rolling machine.

112.        Defendants breached that duty.

113.        It was foreseeable to Eckert Mechanical, LLC and Steven J. Eckert that the pretzel rolling machine was hazardous and otherwise dangerous for use by Plaintiff.

114.        Eckert Mechanical, LLC and Steven J. Eckert knew or should have known that the pretzel rolling machine was defective and unsafe.

115.        Eckert Mechanical, LLC and Steven J. Eckert knew or should have known that requiring individuals such as Ms. Jackiw to scrape the machine while it was in operation could result in serious death or injury and that the machine should have been equipped with interlocks, an adequate lock-out tag out system and/or appropriate guards.

116.        Eckert Mechanical, LLC and Steven J. Eckert negligently, carelessly, and recklessly breached the duties it owed to Ms. Jackiw and the public at large by:

Case ID: 210901129

a.  negligently performing maintenance, inspection and/or repair services on the Product;

b.  failing to properly inspect or test the Product in order to identify and correct any defective or unreasonably dangerous conditions discovered;

c.  failing to warn users, employers, and others about the dangerous and defective condition of the Product;

d.  retaining, employing, and/or permitting incompetent contractors and/or employees to perform repair, maintenance and/or inspection services on the Product;

e.  failing to red tag a Product that lacks appropriate safeguards, interlocks, and/or lock out tag out methods;

f.  negligently repairing, maintaining, and/or inspecting a Product that malfunctioned during normal and foreseeable use;

g.  failing to warn users, employers, and others that the Product would fail during normal use;

h.  failing to equip the Product with interlocks, sensors, guards, and/or lock out tag out methods;

i.  failing to adequately and properly maintain and repair the Product;

j.  failing to perform necessary maintenance work on the Product; and

k.  failing to "red tag" the Product.

117.    The negligence, carelessness, and recklessness of the Defendants was the factual, legal, substantial cause of Plaintiff's injuries, damages and losses as set forth more fully herein and incorporated herein by reference.

**WHEREFORE**, Plaintiff Jennifer Jackiw demands judgment in her favor and against all Defendants, individually, jointly, and/or severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars for compensatory damages, punitive damages, all lawful interest, costs, and damages for prejudgment delay.

Respectfully submitted,

**MESSA & ASSOCIATES, P.C.**

BY:    */s/  Ramon A. Arreola*
           Joseph L. Messa, Jr., Esquire
           Ramon A. Arreola, Esquire
           Attorneys for Plaintiffs

Dated: May 31, 2022

Case ID: 210901129

## **VERIFICATION**

I, <u>Jennifer Jackiw</u>, Plaintiff herein, make this Verification and state that the statements made in the foregoing are true and correct to the best of my knowledge, information, and belief.

I, the undersigned, understand that the statements therein are made subject to the penalties of 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

Signature

Dated: <u>5/31/2022</u>