Gerald D. Wixted
# Dilworth Paxson LLP
2 Research Way
Princeton, New Jersey 08540
(609) 924-6000
(215) 893-8537 (FACSIMILE)
gwixted@dilworthlaw.com

*Attorneys for Defendant Twin City Fire Insurance Company*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SOFT PRETZEL FRANCHISE SYSTEMS, INC., | : | CIVIL ACTION NO.: 2:22-cv-01277 |
| Plaintiff, | : | |
| v. | : | |
| TWIN CITY FIRE INSURANCE COMPANY and THE HARTFORD, | : | |
| Defendant. | : | |

**DEFENDANT TWIN CITY FIRE INSURANCE COMPANY'S BRIEF
IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS**

On the Brief:
Gerald D. Wixted

**TABLE OF CONTENTS**

I. INTRODUCTION ............................................................................................. 1

II. FACTS ............................................................................................................... 2

    A. The Jackiw Action ................................................................................. 2

    B. The Twin City Policy ............................................................................ 3

III. ARGUMENT ..................................................................................................... 6

    A. Rule 12 (c) Standards ............................................................................ 6

    B. Twin City Has No Duty To Defend SPFS Because SPFS
       Does Not Qualify As An Additional Insured ........................................ 7

        1. The "Four Corners" Rule ............................................................. 7

        2. The Jackiw Action Does Not Allege Liability Against
           SPFS As Grantor of Franchise ................................................... 8

        3. A Broker's Certificate Of Insurance Does Not Create Coverage ....... 10

        4. Twin City Has No Duty to Indemnify SPFS And SPFS'
           Complaint Should Be Dismissed ............................................... 12

IV. CONCLUSION ................................................................................................ 13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

Alabama Electric Co-op v. Bailey's Construction Co.,
    950 So.2d 280 (Ala. 2006) ..................................................................................12

American & Foreign Ins. Co. v. Jerry's Sport Ctr., Inc.,
    606 Pa. 584 2 A.3d 526 (2010) ..........................................................................7, 8

American Country Ins. Co. v. Kraemer Bros.,
    699 N.E.2d 1056 (Ill.App. 1998) ........................................................................12

American Ref-Fuel v. Resource Recycling,
    671 N.Y.S.2d 93 (N.Y.App 1998).......................................................................12

In re Burlington Coat Factory Sec. Litig.,
    114 F.3d 1410 (3d Cir. 1997) ...............................................................................7

Carpenter v. Federal Ins. Co.,
    432 Pa.Super. 111, 637 A.2d 1008 (1994), app. granted, 540 Pa. 576, 655
    A.2d 508, app. denied, 540 Pa. 592, 655 A.2d 982 (1995) ..................................8

Cermack v. Great West Casualty Co.,
    2 P.3d 1047 (Wyo. 2000) ...................................................................................12

Charter Oak Fire Ins. Co. v. Sumitomo Marine & Fire Ins. Co.,
    750 F.2d 267 (3d Cir. 1984) .................................................................................8

DiCarlo v. St. Mary Hosp.,
    530 F.3d 255 (3d Cir. 2008) .................................................................................6

Doe v. Princeton University,
    30 F.4th 335 (3d Cir. 2022) ..................................................................................7

Doe v, University of the Sciences, 961 F.3d 203, 208 (3d Cir. 2020) ............................. 7

Erie Ins. Exch. v Transamerica Ins. Co.,
    516 Pa. 574, 533 A.2d 1363 (1987).....................................................................8

General Acc. Ins. Co. v. Allen,
    547 Pa. 693, 692 A.2d 1089 (1997)...................................................................12

Gilbane Bldg. Co./TDX Constr. Corp. v. St. Paul Fire & Marine Ins. Co.,
    38 N.Y.Supp.3d 1 (N.Y.App. 2016)...................................................................12

Griffith v. United Airlines, Inc.,
    416 Pa. 1, 203 A.2d 796 (1964) ...........................................................................7

Hammersmith v. TIG Ins. Co.,
    480 F.3d 220 (3d Cir. 2007) .................................................................................7

Jennifer Jackiw v. American Conveyor Sys. Inc., et al.,
    Civil No. 001129, September Term 2021 .................................................................................... 2

Klaxon v. Stentor Electric Manufacturing,
    313 U.S. 487 (1941) .................................................................................................................... 7

Kvaerner Metals Div. of Kvaerner US, Inc. v. Commercial Union Ins. Co.,
    589 Pa. 317, 908 A.2d 888 (2006) ........................................................................................ 8, 12

MW Builders, Inc. v. Safeco Ins. Co. of America,
    2004 WL 2058390 (D.Or. 2004) .............................................................................................. 12

NGM Ins. Co. v. Stoltzfus Construction, Inc.,
    2011 WL 397667 (M.D.Pa. 2011) ............................................................................................ 11

Paylor v. Hartford Ins. Co.,
    536 Pa. 583, 640 A.2d 1234 (1994) ........................................................................................... 8

Quincy Mut. Fire Ins. Co. v. Imperium Ins. Co.,
    636 Fed. Appx. 602 (3d Cir. 2016) .......................................................................................... 11

Ramara, Inc. v. Westfield Ins. Co.,
    814 F.3d 660 (3d Cir. 2016) ....................................................................................................... 8

Scopel v. Donegal Mut. Ins. Co.,
    698 A.2d 602 (Pa. Super. 1997) ............................................................................................... 12

Sikirica v. Nationwide Ins. Co.,
    416 F.3d 214 (3d Cir. 2005) ................................................................................................ 8, 12

Tennessen v. Commercial Union Ins. Co.,
    209 Wis.2d 600, 568 N.W.2d 37 (WI Ct. App. 1997) ............................................................... 9

TIG Ins. Co. v. Sedgwick James,
    184 F.Supp.2d 591 (S.D.Tex. 2001), aff'd, 276 F.3d 754 (5th Cir. 2002) ............................... 12

Township of Springfield v. Ersek,
    660 A.2d 672 (Pa.Cmwlth.1995), app. denied, 544 Pa. 640, 675 A.2d 1254
    (1996) ....................................................................................................................................... 11

Transport Indem. Co. v. Home Indem. Co.,
    535 F.2d 232 (3d Cir. 1976) ..................................................................................................... 11

Via Net v. TIG Ins. Co.,
    211 S.W.3d 310 (Tex.2006) ..................................................................................................... 12

Wolfington v. Reconstructive Orthopaedic Associates II PC,
    935 F.3d 187 (3d Cir. 2019) ....................................................................................................... 6

**Rules**

Rule 12(b)(6)......................................................................................................................6

Rule 12 (c) .......................................................................................................................6

Rule 56 .............................................................................................................................7


**Other Authorities**

17 Couch on Insurance Sec. 242.33 (2022) .......................................................................11-12

Defendant Twin City Fire Insurance Company[1] ("Twin City"), by its counsel, respectfully submits this Brief in support of its motion for judgment on the pleadings seeking the dismissal of this declaratory judgment action by Plaintiff Soft Pretzel Franchise Systems, Inc. ("SPFS").

## I.      INTRODUCTION

SPFS seeks coverage for a bodily injury lawsuit under a Twin City Business Owner's Policy providing business liability coverage issued to An Original Soft Pretzel Factory, Inc. ("Original Soft Pretzel"). SPFS claims that it qualifies as an additional insured under the Twin City policy and is entitled to a defense. It does not. By the terms of the Twin City policy, SPFS qualifies as an additional insured "only with respect to liability as grantor of franchise" to Original Soft Pretzel. The complaint in the underlying action does not seek to impose any such liability on SPFS. It is a product liability claim.

SPFS also claims that it qualifies as an additional insured by means of a "Certificate of Liability Insurance" issued by the insurance broker. But the "Certificate" itself expressly states that it confers no rights, and was issued "as a matter of information only." Courts nationwide have rejected arguments that such certificates can create coverage.

Twin City has no duty to defend SPFS. SPFS is being defended by its own insurer and must continue to look to its own insurer for coverage. As Twin City has no duty to defend, there is no duty to indemnify, and the complaint by SPFS must be dismissed.

---

[1] As set out in Twin City's Answer, "The Hartford" has been erroneously sued as a Defendant in the Complaint. Twin City is the entity that issued the policy.

## II.     FACTS

### A.  The Jackiw Action

This declaratory judgment case arises out of a bodily injury lawsuit: <u>Jennifer Jackiw v. American Conveyor Sys. Inc., et al.</u>, Civil No. 001129, September Term 2021 (Pennsylvania Court of Common Pleas, Philadelphia County) (the "Jackiw Action"). In her Complaint ("Jackiw Complaint"), Plaintiff Jennifer Jackiw alleges that on June 4, 2020, her right hand and forearm were injured by a pretzel rolling machine while present as a business invitee at the Philly Pretzel Factory location on Frankford Avenue in Philadelphia. (Jackiw Complaint, ¶¶ 19, 22, 26; attached as Exhibit A). Jackiw alleges that the pretzel rolling machine was sold by its manufacturer, American Conveyor Systems Inc., in an "unguarded" condition as it lacked "interlocks [or] an adequate lock-out tag out feature." <u>Id</u>. at ¶ 28. Jackiw brought product liability claims against American Conveyor Systems Inc. for negligence, strict liability, and breach of warranty. <u>Id</u>., Counts I, II, III.

Jackiw also sued several other defendants under a negligence theory: An Original Soft Pretzel Factory, Inc., Soft Pretzel Franchise Systems, Inc., Soft Pretzel Factory, Soft Pretzel Franchise,[2] and several John Doe corporations. Jackiw alleged that all of these defendants negligently failed to implement safety training, policies and procedures regarding the pretzel rolling machine, which they knew or should have known was defective and unsafe. <u>Id</u>., ¶¶ 71-80.

Twin City's insured, Original Soft Pretzel, was defended by Twin City under the terms of its Twin City Policy. SPFS is being defended by its own insurer Allied Insurance Company of America ("Allied"). On October 6, 2021, Allied tendered the defense of SPFS

---

[2] It appears that the latter two entities are fictitious.

in the Jackiw Action to Twin City.  By letter dated October 25, 2021, Twin City declined the tender, noting that there was no franchise agreement or indeed any contract between SPFS and Original Soft Pretzel. (Letters attached as Ex. B).

On February 16, 2022, Original Soft Pretzel was voluntarily dismissed from the Jackiw Action. (Stipulation attached as Ex. C).  On May 31, 2022, Jackiw filed a First Amended Complaint, dropping several defendants, including Original Soft Pretzel, but not SPFS.  (Amended Complaint attached as Ex. D).  The Amended Complaint also added RTJ Inc., d/b/a American Conveyor Systems, Eckert Mechanical LLC, and Steven J. Eckert as defendants. Jackiw added a claim for strict liability (Count V) to her prior claim of negligence (Count IV) against SPFS.  In addition to the prior allegations, SPFS was alleged to have "designed, manufactured, distributed, supplied, installed, and/or sold the aforementioned Product (pretzel rolling machine) in a defective and unreasonably dangerous condition." (Amended Complaint, ¶ 92, attached as Ex. D).

SPFS filed its Complaint against Twin City seeking declaratory judgment on April 4, 2022.  (Ex. E)  Twin City has filed its Answer.  (Ex. F).  SPFS alleges that it has been sued for negligence in the Jackiw Action, and that it qualifies as an additional insured under the terms of the Twin City policy at issue. (SPFS Complaint, ¶¶ 13, 30).  SPFS seeks declaratory relief, and damages for bad faith breach. Id., ¶¶ 30, 31, 35, 36.

**B.  The Twin City Policy**

SPFS seeks coverage, including a defense, under Twin City Policy No. 13 SBAAAA3363, issued by Twin City to Original Soft Pretzel for the policy term March 1,

2020 - March 1, 2021 ("Twin City Policy," attached as Ex. G).[3]  The Twin City Policy provides, in pertinent part:

>   A. COVERAGES
>
>       1. BUSINESS LIABILITY COVERAGE (BODILY INJURY, PROPERTY DAMAGE, PERSONAL AND ADVERTISING INJURY)
>
>       Insuring Agreement
>
>       a. We will pay those sums that the insured becomes legally obligated to pay because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", property damage" or "personal and advertising injury" to which this insurance does not apply.
>
>       * * *
>
> F. OPTIONAL ADDITIONAL INSURED COVERAGES
>
> If listed or shown as applicable in the Declarations, one or more of the following Optional Additional Insured Coverages also apply. …
>
>       * * *
>
>       3. Additional Insured – Grantor Of Franchise
>
>       WHO IS AN INSURED under Section C. is amended to include as an additional insured the person(s) or organization(s) shown in the Declarations as an Additional Insured – Grantor Of Franchise, but only with respect to their liability as grantor of franchise to you.
>
>       * * *

---

[3] The pages in the Twin City Policy containing the specific language at issue are also attached as Ex. G1.

The Twin City Policy also contains the following endorsement, referred to in the Declarations:

> **THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY**.
>
> ADDITIONAL INSURED – GRANTOR FRANCHISE
>
> LOC 001/002 BLDG 001
> SOFT PRETZEL FRANCHISE SYSTEMS INC
> 1525 FORD RD
> BENSALEM, PA 19020

The Twin City Policy also contains an Umbrella Liability Provision that states, in pertinent part:

> **SECTION III – WHO IS AN INSURED**
>
> \* \* \*
>
> F. Each person or organization … who is an "insured" in the "underlying insurance" is an "insured" under this insurance subject to all the terms, conditions and limitations of such "underlying insurance."

(Twin City Policy attached as Ex. G1).

In sum, SPFS would qualify as an additional insured under the Twin City Policy, "but only with respect to their liability as grantor of franchise to [Original Soft Pretzel]." Neither the Jackiw Complaint nor the Amended Complaint seek to impose any such liability on SPFS. Although there are other provisions in the Twin City Policy whereby a party not expressly named as an insured can nevertheless qualify as an additional insured, none are applicable to this case. Accordingly, based on the express terms of the Twin City Policy, SPFS does not qualify as an additional insured in connection with the Jackiw Action.

SPFS also argues that it qualifies as an additional insured by means of a "Certificate of Liability Insurance" issued by the insurance broker that states that SPFS

"is named as additional insured with regards to the general liability." (Certificate attached as Ex. H).

> **THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.**
>
> **IMPORTANT: If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must have ADDITIONAL INSURED provisions or be endorsed. …A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).**

Ex. H. Based on its express terms, the Certificate did not confer any rights upon SPFS or amend the Twin City Policy. As set forth above, based on the express terms of the Twin City Policy, SPFS does not qualify as an additional insured in connection with the Jackiw Action.

### III.   ARGUMENT

####   A. Rule 12 (c) Standards

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is analyzed under the same standards that apply to a Rule 12(b)(6) motion. Wolfington v. Reconstructive Orthopaedic Associates II PC, 935 F.3d 187, 195 (3d Cir. 2019). The court will "view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." Id. A motion for judgment on the pleadings is properly granted in a contract case if the moving party clearly establishes that it is entitled to judgment as a matter of law. DiCarlo v. St. Mary Hosp., 530 F.3d 255, 259 (3d Cir. 2008).

6

Generally, "a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997). However, where a document is "integral to or explicitly relied upon in the complaint," it "may be considered without converting the motion to dismiss into one for summary judgment" under Rule 56. Doe v. Princeton University, 30 F.4th 335, 342 (3d Cir. 2022), quoting Doe v. University of the Sciences, 961 F.3d 203, 208 (3d Cir. 2020). In its Complaint, SPFS explicitly relies upon the Jackiw Complaint (SPFS Complaint, ¶¶ 7-13), the Twin City Policy (SPFS Complaint, ¶¶ 14-19, 21), as well as the tender of the defense to Twin City by its insurer including the broker's "Certificate of Liability Coverage," (SPFS Complaint, ¶¶ 20-23). Those documents may be considered by the Court and are appended to this motion.

### B. Twin City Has No Duty To Defend SPFS Because SPFS Does Not Qualify As An Additional Insured.

#### 1. The "Four Corners" Rule

Pennsylvania follows the "four corners" rule to ascertain whether there is a duty to defend under a liability policy.[4] Courts must examine the factual averments in the underlying complaint to see "if the factual allegations of the complaint on its face encompass an injury that is actually or potentially within the scope of the policy...." American & Foreign Ins. Co. v. Jerry's Sport Ctr., Inc., 606 Pa. 584, 609 2 A.3d 526, 541

---

[4] A federal court sitting in diversity must apply the choice of law rules of the forum state. Klaxon v. Stentor Electric Manufacturing, 313 U.S. 487, 496 (1941). Here, the Twin City Policy was delivered to Original Pretzel Inc. at its office in Philadelphia. The underlying claim arose in Philadelphia, and the Jackiw Action is proceeding in the Court of Common Pleas in Philadelphia County. As the jurisdiction most intimately concerned with the outcome of the litigation, Pennsylvania law therefore governs. Hammersmith v. TIG Ins. Co., 480 F.3d 220, 227 (3d Cir. 2007); Griffith v. United Airlines, Inc., 416 Pa. 1, 203 A.2d 796 (1964).

(2010); see also Kvaerner Metals Div. of Kvaerner US, Inc. v. Commercial Union Ins. Co., 589 Pa. 317, 332, 908 A.2d 888, 897 (2006); Ramara, Inc. v. Westfield Ins. Co., 814 F.3d 660, 673, 678 (3d Cir. 2016); Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 226 (3d Cir. 2005). Any ambiguities in a complaint are construed in favor of coverage. Jerry's Sport Ctr., 606 Pa. at 608. If the underlying claim is outside the scope of the insurance policy's coverage, there is no duty to defend. Erie Ins. Exch. v Transamerica Ins. Co., 516 Pa. 574, 533 A.2d 1363 (1987); Charter Oak Fire Ins. Co. v. Sumitomo Marine & Fire Ins. Co., 750 F.2d 267 (3d Cir. 1984). When the insurance policy language is clear and unambiguous, courts must enforce the language of the contract. Paylor v. Hartford Ins. Co., 536 Pa. 583, 585, 640 A.2d 1234, 1235 (1994). In reading an insurance policy, courts should "read policy provisions to avoid ambiguities, if possible, and not torture language to create them." Carpenter v. Federal Ins. Co., 432 Pa.Super. 111, 117-18, 637 A.2d 1008, 1011 (1994), app. granted, 540 Pa. 576, 655 A.2d 508, app. denied, 540 Pa. 592, 655 A.2d 982 (1995).

### 2. The Jackiw Action Does Not Allege Liability Against SPFS As Grantor of Franchise

SPFS claims that it is named as an additional insured in the Twin City Policy issued to Original Soft Pretzel under the "Grantor of Franchise" endorsement. So it is – but only with respect to SPFS' liability as grantor of franchise to Original Soft Pretzel. The "Grantor of Franchise" provision reads:

> 3. Additional Insured – Grantor Of Franchise
>
> WHO IS AN INSURED under Section **C.** is amended to include as an additional insured the person(s) or organization(s) shown in the Declarations as an Additional Insured – Grantor Of Franchise, <u>but only with respect to their liability as grantor of franchise to you.</u>

(Ex. G) (emphasis added).

8

To ascertain whether Twin City has a duty to defend SPFS in the Jackiw Action, the Court must therefore examine the Jackiw Complaints to see if there is a claim or potential claim seeking to impose liability upon SPFS as grantor of franchise to Original Soft Pretzel. One looks in vain in the Jackiw Complaint or Amended Complaint for a claim, or even any factual allegations, alleging liability against SPFS as grantor of franchise to Original Soft Pretzel.

The Jackiw Complaint asserts only that SPFS "regularly and systematically conducts business activities" in Philadelphia "through its business activities, including the manufacture, supply, distribution, marketing, and sale of baked goods." (Jackiw Complaint, ¶ 4., attached as Ex. A. The Amended Complaint adds that SPFS is also engaged in "the manufacture, design, supply, distribution, marketing and sale of conveyor and material handling equipment including Stainless Steel Right Hand Pretzel Stringer (pretzel rolling machines)." (Amended Complaint, ¶ 5, attached as Ex. D). SPFS is alleged to have been "responsible for performing inspection, maintenance, [and] repair work on the pretzel rolling machine." Id., ¶ 33. All defendants, including SPFS, were alleged to have been "responsible for providing Ms. Jackiw with adequately designed and maintained equipment as well as adequate safety training." Id. ¶ 34. The only count in the Jackiw Complaint addressed to SPFS is Count IV, wherein SPFS - along with several other defendants - is alleged to "have responsibility for the implementation and enforcement of safety policies and procedures at Philly Pretzel Factory facilities." Id., ¶ 69.

There is no mention in any of this of any liability as grantor of franchise by SPFS to Original Soft Pretzel. In such circumstances, courts have declined to extend additional

9

insured status.[5]

The only claims asserted against SPFS sound in negligence, but not negligence in the granting of franchise to Original Soft Pretzel. SPFS is alleged to have had defective industrial equipment, failed to inspect, repair or maintain it, failed to implement safety procedures, and failed to warn Jackiw. Id., ¶¶ 71-75. The Amended Complaint adds a count for strict liability, but the liability alleged is the same. Jackiw has sued SPFS for designing and installing an unsafe machine, and providing inadequate training. In short, the Jackiw Action presents the court with garden variety product liability allegations.

There is nothing in the Jackiw Complaint or in the Amended Complaint from which a court could conclude that SPFS is alleged to be liable to Ms. Jackiw as grantor of franchise to Original Soft Pretzel. SPFS should continue to be defended by its own insurer in the Jackiw Action. Based on the express terms of the Twin City Policy, and the allegations in the Jackiw Action, Twin City has no duty to defend SPFS in the Jackiw Action.[6]

### 3. A Broker's Certificate Of Insurance Does Not Create Coverage.

SPFS' alternate theory of coverage rests on the notion that the "Certificate of Liability Insurance" issued by the broker naming SPFS as an "additional insured with regards to the general liability" somehow creates coverage for SPFS. (SPFS Complaint

---

[5] See e.g. Tennessen v. Commercial Union Ins. Co., 209 Wis.2d 600, 568 N.W.2d 37 (WI Ct. App. 1997)(finding no coverage where alleged additional insured was not insured for all liability, but only for liability as a "grantor of a franchise" and where "t[]here was no allegation in the [] complaint regarding negligence in the granting of the franchise").

[6] To the extent it would otherwise apply, the Umbrella coverage in the Twin City Policy would only afford additional insured status to SPFS to the extent SPFS qualified as an additional insured under the Business Liability Coverage. Hence, SPFS is not covered under the Umbrella coverage.

¶ 20). SPFS disregards the language of the "Certificate" which expressly states that it neither confers any rights upon SPFS, nor does it amend the terms of the Twin City Policy:

> **THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.**
>
> **IMPORTANT: If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must have ADDITIONAL INSURED provisions or be endorsed. …A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).**

Ex. H (emphasis in original).

This argument also ignores the well-established rule that the scope of coverage of an insurance contract is set by the terms of the policy and nothing else. Township of Springfield v. Ersek, 660 A.2d 672 (Pa.Cmwlth.1995), app. denied, 544 Pa. 640, 675 A.2d 1254 (1996); Transport Indem. Co. v. Home Indem. Co., 535 F.2d 232 (3d Cir. 1976). Courts in Pennsylvania and elsewhere have repeatedly rejected the argument that broker's certificates can alter the policy to create coverage where there is none in the policy. Quincy Mut. Fire Ins. Co. v. Imperium Ins. Co., 636 Fed. Appx. 602, 605 (3d Cir. 2016)(non-precedential)(certificate of insurance had no effect and could not add party as additional insured: "It is unreasonable to rely on a certificate of insurance that explicitly disclaims conferring any rights."); NGM Ins. Co. v. Stoltzfus Construction, Inc., 2011 WL 397667 at *4 (M.D.Pa. 2011)("It is hard to imagine how the certificate could more clearly state that it is not, by itself, proof of … coverage under … [the] policy."); see also 17 Couch

11

on Insurance Sec. 242.33 (2022): "A certificate of insurance is not part of the policy -- if it states that there is coverage but the policy does not, the policy controls."[7]

By its terms and by well-established caselaw, the "Certificate of Liability Insurance" was issued by the broker and confers no rights upon SPFS. It cannot create a duty to defend SPFS when no such duty exists in the Twin City Policy. Based on the express terms of the Twin City Policy and the allegations in the Jackiw Action, SPFS does not qualify as an additional insured. Twin City has no duty to defend the Jackiw Action.

### 4. Twin City Has No Duty to Indemnify SPFS And SPFS' Complaint Should Be Dismissed.

It is well-established that if a liability insurer "does not have a duty to defend … neither does it have the duty to indemnify." Kvaerner, 589 Pa. at 330, n. 7, 908 A.2d at 896, n.7; Sikirica, 416 F.3d at 225; see also General Acc. Ins. Co. v. Allen, 547 Pa. 693, 706, 692 A.2d 1089, 1095 (1997); Scopel v. Donegal Mut. Ins. Co., 698 A.2d 602, 605 (Pa. Super. 1997). As the Jackiw Action does not contain any claim or allegations that trigger a duty to defend SPFS as an additional insured, there is no duty to indemnify and no coverage. As set forth above, there is also no coverage for SPFS under the Umbrella coverage in the Twin City Policy. Therefore, SPFS' Complaint should be dismissed.

---

[7] And see American Country Ins. Co. v. Kraemer Bros., 699 N.E.2d 1056 (Ill.App. 1998); Via Net v. TIG Ins. Co., 211 S.W.3d 310, 314 (Tex.2006); TIG Ins. Co. v. Sedgwick James, 184 F.Supp.2d 591 (S.D.Tex. 2001), aff'd, 276 F.3d 754 (5th Cir. 2002); Cermack v. Great West Casualty Co., 2 P.3d 1047 (Wyo. 2000); Alabama Electric Co-op v. Bailey's Construction Co., 950 So.2d 280 (Ala. 2006); American Ref-Fuel v. Resource Recycling, 671 N.Y.S.2d 93 (N.Y.App 1998); MW Builders, Inc. v. Safeco Ins. Co. of America, 2004 WL 2058390 (D.Or. 2004); Gilbane Bldg. Co./TDX Constr. Corp. v. St. Paul Fire & Marine Ins. Co., 38 N.Y.Supp.3d 1 (N.Y.App. 2016).

## IV.     CONCLUSION

For these reasons, Defendant Twin City Fire Insurance Company requests that its motion for judgment on the pleadings be granted.

                                                    **DILWORTH PAXSON LLP**

By: */s/ Gerald D. Wixted*
     Gerald D. Wixted
     2 Research Way
     Princeton, New Jersey 08540
     TEL: (609) 924-6000
     FAX: (215) 893-8537
     gwixted@dilworthlaw.com

     *Attorneys for Defendant*
     Twin City Fire Insurance Company

Dated:   June 30, 2022
           Princeton, New Jersey