**TABLE OF CONTENTS**

**TABLE OF CONTENTS**

Introduction………………………………………………………………………………….…..4

Facts………………………………………………………………….…………………………..5

Argument………………………………………………………………………………….…….5

    a.    Standard of Review……………………………………………………..………..6

    b.    Interpretation of the insurance policy requires coverage to be afforded to SPSF. 6

Conclusion ………………………………………………………………………….…………7

## TABLE OF AUTHORITIES

**Cases**

*Sikirica v. Nationwide Ins. Co.*, 416 F. 3d 214, 220 (3d Cir. 2005). . . . . . . . . . . . . . . . . . . . . 5
*Burne v. Franklin Life Ins. Co.*, 451 Pa. 218 (1973) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
*Carpenter v. Federal Ins. Co.*, 432 Pa. Super. 111, 117-18 (1994) . . . . . . . . . . . . . . . . . . . . 5
*D'Allessandro v. Durham Life Insurance Co.*, 503 Pa. 33 (1983) . . . . . . . . . . . . . . . . . . . . . 6
*Eichelberger v. Warner*, 290 Pa. Super. 269 (1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
*Mohn v. American Casualty Co.*, 458 Pa. 576 (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
*Musisko v. Equitable Life Assurance Society*, 344 Pa. Super 101 (1985) . . . . . . . . . . . . . . . 6
*Pac. Indem. Co. v. Linn*, 766 F.2d 754, 760-761 (3d Cir. 1985) . . . . . . . . . . . . . . . . . . . . . 5
*Penn-Air Inc. v. Indemnity Ins. Co. of North America*, 439 Pa. 511 (1970) . . . . . . . . . . . . 6
*Rosenau v. Unifund Corp.*, 539 F. 218, 221 (3d Cir. 2008). . . . . . . . . . . . . . . . . . . . . . . . 5
*Techalloy Co. Inc. v. Reliance Ins. Co.*, 338 Pa. Super 1 (1984) . . . . . . . . . . . . . . . . . . . . 6
*Westport Ins. Corp. v. Bayer*, 284 F.3d 489, 496 (3d. Cir. 2002) . . . . . . . . . . . . . . . . . . . . 5

**Rules**

Rule 12 (c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SOFT PRETZEL FRANCHISE SYSTEMS, : <br> INC. : <br>    v. : <br> : <br> TWIN CITY FIRE INSURANCE : <br> COMPANY and THE HARTFORD : | Civil Action No.  2:22-cv-01277 |

**SOFT PRETZEL FRANCHISE SYSTEMS, INC.'S
OPPOSITION TO DEFENDANT'S MOTION TO JUDGENT ON THE PLEADINGS**

Plaintiff SOFT PRETZEL FRANCHISE SYSTEMS, INC. ("SPFS"), by its attorneys, LAW OFFICE OF DONNA M. DIPIETRO, hereby files this opposition to Defendant Twin City Fire Insurance Company's ("Twin City") Motion for Judgment on the Pleadings. 1.

**INTRODUCTION**

SPFS seeks coverage for a bodily injury lawsuit under a Twin City Business Owner's Policy providing liability coverage to An Original Soft Pretzel Factor, Inc.  In the Underlying Action, Jackiw seeks damages for injuries she sustained in an accident that took place on June 4, 2020, at the Philly Pretzel Factory located 7368 Frankford Avenue, Philadelphia, PA (the "Premises"), where An Original Soft Pretzel, Inc. operated a store. Plaintiff alleges that all the defendants knew or should have known that the failure to equip the Product with interlocks, an adequate lock-out tag out feature, and or adequate injury [sic] would result in serious injury to users.

In the Underlying Action, Jackiw sets for a negligence cause of action against SPFS.  The Twin City policy does not explicitly define or state the restrictions on the Additional Insured clause which provides coverage to SPFS.

FACTS

On or about September 15, 2021, Jennifer Jackiw ("Jackiw") commenced an action captioned Jennifer Jackiw v. American Conveyor Systems, Inc. et al, Case ID No. 210901129 which is pending in the Court of Common Pleas of Philadelphia County, Pennsylvania (the "Underlying Action"). In the Underlying Action, Jackiw seeks damages for injuries she sustained in an accident that took place on June 4, 2020, at the Philly Pretzel Factory located 7368 Frankford Avenue, Philadelphia, PA (the "Premises"), where An Original Soft Pretzel, Inc. operated a store.

The Underlying Action names American Conveyor Systems, Inc., An Original Soft Pretzel Factory, Inc. dba Philadelphia Pretzel Factory, Soft Pretzel Franchise Systems, Inc., An Original Soft Pretzel Factory, Soft Pretzel Franchise, John/Jane Does (1-10) and John/Jane Doe Companies, Corporations, Partnerships (1-10) as defendants. On June 4, 2020, Jackiw was an employee of An Original Soft Pretzel, Inc. and was injured while in the course and scope of her employment. More specifically, Jackiw's hand made contact with an unguarded area of a pretzel rolling machine resulting in injury. Plaintiff alleges that all the defendants knew or should have known that the failure to equip the Product with interlocks, an adequate lock-out tag out feature, and or adequate injury [sic] would result in serious injury to users. In the Underlying Action, Jackiw sets for a negligence cause of action against SPFS.

Jackiw filed her First Amended Complaint on May 31, 2022. She identified new Defendants Eckert Mechanical and Steven J. Eckert. She also brought claims of negligence, strict liability, and Breach of Warranty against all of the Defendants.

On or about March 1, 2020, a Business Owners Policy of Insurance was issued by Twin City/The Hartford under Policy Number 13 SBA AA3363 SB (herein after "the Policy"). The Named Insured of the Policy is An Original Soft Pretzel Factory, Inc. The period of the Policy is/was March 1, 2020 – March 1, 2021. The Policy provides coverage for, *inter alia*, bodily injury

claims. The applicable limits for bodily injury claims covered under the Policy is $1 Million for the underlying policy and $5 Million in umbrella coverage for a total of $6 Million. The Policy covers the claim arising out of the Underlying Action for the incident that occurred on June 4, 2020, during the policy period.

The Certificate of Insurance of the Policy indicates that the Certificate Holder is SPFS and it is explicitly noted that "Soft Pretzel Franchise Systems, Inc. is <u>named as an additional insured with regards to the general liability</u>." (Emphasis added) The Policy also contains an Endorsement naming SPFS as an additional insured. By letter dated October 6, 2021, Allied Insurance Company of America on behalf of its insured SPFS tendered its request for additional insured coverage to Twin City/The Hartford arising from Jackiw's claim. By letter dated October 25, 2021, Twin City/The Hartford denied the tender request made on behalf of SPFS. Plaintiff now moves for declaratory judgment finding that Twin City owes a defense and indemnity to SPFS.

**ARGUMENT**
    a.  <u>Standard of Review</u>

Federal Rules of Civil Procedure 12 (c) allows a party to move for judgment "after the pleadings are closed – but early enough not to delay trial…." Fed. R. Civ. 12(c). Judgment on pleadings is appropriate "if the movant clearly establishes there are no material issues of fact, and he is entitled to judgment as a matter of law." *Sikirica v. Nationwide Ins. Co.*, 416 F. 3d 214, 220 (3d Cir. 2005).

In reviewing a motion for judgment on the pleadings pursuant to Rule 12 (c), the Court "views the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Rosenau v. Unifund Corp.*, 539 F. 218, 221 (3d Cir. 2008).

  b. Interpretation of the insurance policy requires coverage to be afforded to SPSF.

Interpretation of an insurance policy is a question of law and review in plenary. *Westport Ins. Corp. v. Bayer*, 284 F.3d 489, 496 (3d. Cir. 2002). In construing the policy, if the words of the policy are clear and unambiguous, the court must give them their plain and ordinary meaning. *Pac. Indem. Co. v. Linn*, 766 F.2d 754, 760-761 (3d Cir. 1985). When a term is ambiguous, and the intention of the parties cannot be discerned from the policy, the Court may look to extrinsic evidence of the purpose of the insurance, its subject matter, the situation of the parties, and the circumstances around the making of the contract. *Id.* At 761. Ambiguous terms must be construed against the insurer. *Id.* In reading an insurance policy, Courts should "read policy provisions to avoid ambiguities, if possible, and not torture language to create them." *Carpenter v. Federal Ins. Co.*, 432 Pa. Super. 111, 117-18 (1994).

The general rule of construction used by courts when interpreting an insurance policy is that an insurance policy is to be construed most strongly against the insurer and liberally in favor of the insured to effect the policy's dominant purpose of indemnity or payment to the insured where the terms of the policy are ambiguous or uncertain and the intention of the parties is unclear. *Mohn v. American Casualty Co.*, 458 Pa. 576 (1974); *Burne v. Franklin Life Ins. Co.*, 451 Pa. 218 (1973) *Penn-Air Inc. v. Indemnity Ins. Co. of North America*, 439 Pa. 511 (1970).

The Court puts the burden upon the insurance companies to delineate as precisely as possible the full extent of the coverage. *Techalloy Co. Inc. v. Reliance Ins. Co.*, 338 Pa. Super 1 (1984). Policy clauses providing coverages are interpreted in a manner which affords the greatest possible protection to the insured. *Mohn v. American Casualty Co.*, 458 Pa. 576 (1974); *Eichelberger v. Warner*, 290 Pa. Super. 269 (1981). If the language of a policy is ambiguous, the insured receives the benefit of the doubt and the policy language is construed in his favor. *D'Allessandro v.*

*Durham Life Insurance Co.*, 503 Pa. 33 (1983), *Musisko v. Equitable Life Assurance Society*, 344 Pa. Super 101 (1985).

Twin City argues that the coverage is limited to "but only with respect to their liability as grantor of franchise to you." However, there are no definitions "grantor of franchise." Additionally, the Additional Insured rider did not provide specific limiting language.

Twin City attempts to place limitations of the coverage "grantor of franchise". However, the policy does not offer limitations as to whether this would include the allegations such as "supply, distribution, marketing, sale of baked goods, or safety policies and procedures at Philly Pretzel Factor facilities. In fact, there is no definition offered in the policy as to what "grantor of franchise" means. Twin City is unable to rely any case law in this jurisdiction which has limited the coverage afforded to a franchisee based on the terms of the policy.

**CONCLUSION**

Where Twin City does not define "Grantor Franchise" or specifically designate the exclusions, SPFS is entitled to defense and indemnity under the policy at this time. Under a clear reading of the Complaint, and the Policy, it is clear the parties intended SPFS to be an "Additional Insured" and afforded defense and indemnity should a future action arise. As such, Defendant's Motion for Judgment on the Pleadings should be DENIED.

Date: _____

William P. Barrett, Esquire
Ryan A. Nolan, Esquire
Attorney for Plaintiff,

UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SOFT PRETZEL FRANCHISE SYSTEMS, : <br> INC. <br>     v. <br> <br> TWIN CITY FIRE INSURANCE <br> COMPANY and THE HARTFORD | : Civil Action No. <br> : <br> : ORDER <br> : <br> : <br> : |

## **ORDER**

AND NOW, on this _____ day of _____ 2022, upon consideration of Defendant, Twin City Fire Insurance Company, Motion for Judgment on the Pleadings, and Plaintiff's opposition thereto, it is hereby ORDERED and DECREED that Defendant's Motion is **DENIED** and Defendant shall provide defense and indemnity to Soft Pretzel Franchise Systems, Inc.

BY THE COURT:

_____

J.