Gerald D. Wixted
**Dilworth Paxson LLP**
2 Research Way
Princeton, New Jersey 08540
(609) 924-6000
(215) 893-8537 (FACSIMILE)
gwixted@dilworthlaw.com

*Attorneys for Defendant Twin City Fire Insurance Company*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SOFT PRETZEL FRANCHISE SYSTEMS, INC., | CIVIL ACTION NO.: 2:22-cv-01277 |
| Plaintiff, | |
| v. | |
| TWIN CITY FIRE INSURANCE COMPANY and THE HARTFORD, | |
| Defendant. | |

**DEFENDANT TWIN CITY FIRE INSURANCE COMPANY'S
MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S
MOTION FOR JUDGMENT ON THE PLEADINGS**

**TABLE OF CONTENTS**

I.    ARGUMENT ................................................................................................................ 1

II.    CONCLUSION............................................................................................................. 4

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Am. Auto. Ins. Co. v. Murray*, 658 F.3d 311 (3d Cir. 2011) .............................................. 3

*American & Foreign Ins. Co. v. Jerry's Sport Ctr., Inc.*,
   606 Pa. 584 2 A.3d 526 (2010) .................................................................................. 1

*Bensalem Tp. v. International Surplus Lines Ins. Co.*,
   38 F.3d 1303 (3d Cir. 1994) ....................................................................................... 4

*Easton v. Wash. Cnty. Ins. Co.*, 391 Pa. 28, 137 A.2d 332, 335 (1958) ......................... 2

*Frain v. Keystone Ins. Co.*, 433 Pa.Super. 462, 640 A.2d 1352 (1994) ......................... 4

*J.C. Penney Life Ins. Co. v. Pilosi*, 393 F.3d 356, 363 (3d Cir. 2004) ............................ 2

*Kvaerner Metals Div. of Kvaerner US, Inc. v. Commercial Union Ins. Co.*,
   589 Pa. 317, 908 A.2d 888 (2006) ............................................................................. 1

*Lansdale 329 Prop, LLC v. Hartford Underwriters Ins. Co.*,
   537 F.Supp. 780 (E.D. Pa. 2021) ................................................................................ 3

*Liberty Mut. Ins. Co. v. Treesdale*,
   418 F.3d 330 (3d Cir. 2005) ....................................................................................... 3

*Madison Constr. Co. v. Harleysville Mut. Ins. Co.*, 557 Pa. 595, 735 A.2d
   100, 109, n.8 (1999) ................................................................................................... 3

*Melrose Hotel Co. v. St. Paul Fire and Marine Ins. Co.*,
   432 F.Supp.2d 488 (E.D. Pa. 2006) ........................................................................... 2

*Meyer v. CUNA Mut. Ins. Soc.*,
   648 F.3d 154 (3d Cir. 2011) ....................................................................................... 2

*Pa. Nat'l Mut. Cas. Ins. Co. v. St. John*,
   630 Pa. 1, 106 A.3d 1 (2014) ..................................................................................... 2

*Reliance Ins. Co. v. Moessner*,
   121 F.3d 895 (3d Cir. 1997) ....................................................................................... 4

*Riccio v. Am. Republic Ins. Co.*,
   550 Pa. 254, 705 A.2d 422 (1997) ............................................................................. 2

**Other Authorities**

*Rule 12(c)* .......................................................................................................................... 1

Defendant Twin City Fire Insurance Company ("Twin City"), by its counsel, respectfully submits this Memorandum in opposition to the motion for judgment on the pleadings by Plaintiff Soft Pretzel Franchise Systems, Inc. ("SPFS").[1]

I. ARGUMENT

SPFS notes that the Twin City Policy issued to An Original Soft Pretzel Factory, Inc. ("Original Soft Pretzel") provides additional insured coverage to "Grantors of Franchise." However, this is "only with respect to their liability as grantor of franchise to [Original Soft Pretzel]." SPFS does not argue that the complaint in the underlying action seeks to impose any liability on SPFS as a grantor of a franchise.[2]

SPFS' arguments all ignore the language of the policy and applicable law. Pennsylvania law is well settled that a court must decide a "duty to defend" issue by the "four corners" rule: the Court should compare the policy with the complaint to see "if the factual allegations of the complaint on its face encompass an injury that is actually or potentially within the scope of the policy…." American & Foreign Ins. Co. v. Jerry's Sport Ctr., Inc., 606 Pa. 584, 609 2 A.3d 526, 541 (2010); see also Kvaerner Metals Div. of Kvaerner US, Inc. v. Commercial Union Ins. Co., 589 Pa. 317, 332, 908 A.2d 888, 897 (2006). SPFS does not even attempt to refer to anything in the complaint or the amended complaint in the underlying Jackiw case that allege liability on SPFS as a grantor of franchise to Original Soft Pretzel. Nor can it. As set out at length in Twin City's motion, the underlying complaints allege injury from an unsafe machine, and advance standard

---

[1] As Twin City has set forth its statement of the case and arguments in its own dispositive Rule 12(c) motion on file with the Court, it will not do it again here. Twin City incorporates its Motion and supporting papers in full.

[2] Rather, SPFS spends much of its motion discussing matters irrelevant to the additional insured issue before the Court such as the duty to defend negligence claims and policy language Regarding obligations to an indemnitee of an insured where required by contract.

product liability claims against SPFS and the other defendants: strict liability, breach of warranty, and negligence.

SPFS seeks to evade the "four corners" rule by wishing upon the court the notion that the limiting phrase "but only with respect to their liability as grantor of franchise to you" is somehow ambiguous. Every word in this limiting phrase is standard English. The words in an insurance policy are to be construed by their "natural, plain and ordinary" meaning. Riccio v. Am. Republic Ins. Co., 550 Pa. 254, 705 A.2d 422, 426 (1997) citing Easton v. Wash. Cnty. Ins. Co., 391 Pa. 28, 137 A.2d 332, 335 (1958). Moreover, "The failure to define a term should not send the Court scurrying to a dictionary hunting for ambiguity. … If multiple definitions alone created ambiguity, insurance policies would either lose all meaning or would devolve into epic tomes." Melrose Hotel Co. v. St. Paul Fire and Marine Ins. Co., 432 F.Supp.2d 488, 501 (E.D. Pa. 2006), citing J.C. Penney Life Ins. Co. v. Pilosi, 393 F.3d 356, 363 (3d Cir. 2004). A policy is ambiguous only where it is "reasonably susceptible to more than one construction and meaning." Pa. Nat'l Mut. Cas. Ins. Co. v. St. John, 630 Pa. 1, 106 A.3d 1, 14 (2014). Policy language should not be stretched beyond its plain meaning to create an ambiguity. Meyer v. CUNA Mut. Ins. Soc., 648 F.3d 154, 164 (3d Cir. 2011).

There is nothing ambiguous about the phrase "liability as a grantor of franchise to [Original Soft Pretzel]." There are no allegations that seek to impose liability on SPFS as a grantor of a franchise to Original Soft Pretzel in the underlying Jackiw complaints, and SPFS does not even attempt to argue that there are any. Under the "four corners" rule, Twin City has no duty to defend SPFS in the Jackiw case.

SPFS' alternate points fare no better. SPFS improperly argues that the specific page of the Twin City Policy containing the endorsement naming SPFS as a "grantor of

2

franchise" does not contain any "limitations." But the "Optional Additional Insured Coverages" provision which gives effect to the endorsement does: it limits any potential additional insured coverage available to SPFS' for liability as a "grantor of franchise" only.[3] They cannot be read separately. A court must interpret the plain language of the insurance contract in its entirety, "giving effect to all its provisions." Am. Auto. Ins. Co. v. Murray, 658 F.3d 311, 320 (3d Cir. 2011).

SPFS' last throw is the argument that it had "reasonable expectations" of coverage. Under Pennsylvania law, the "reasonable expectations" doctrine "is only applied 'in very limited circumstances' to protect non-commercial insureds from policy terms not readily apparent and from insurer deception." Lansdale 329 Prop, LLC v. Hartford Underwriters Ins. Co., 537 F.Supp. 780, 796 (E.D. Pa. 2021), quoting Madison Constr. Co. v. Harleysville Mut. Ins. Co., 557 Pa. 595, 735 A.2d 100, 109, n.8 (1999). "[A]n insured may not complain that his or her reasonable expectations were frustrated by policy limitations that are clear and unambiguous." Liberty Mut. Ins. Co. v. Treesdale, 418 F.3d 330, 344

---

[3] The provision reads:

> F. OPTIONAL ADDITIONAL INSURED COVERAGES
>
> If listed or shown as applicable in the Declarations, one or more of the following Optional Additional Insured Coverages also apply. …
>
>    \* \* \*
>
>    3.    Additional Insured – Grantor Of Franchise
>
> WHO IS AN INSURED under Section C. is amended to include as an additional insured the person(s) or organization(s) shown in the Declarations as an Additional Insured – Grantor Of Franchise, <u>but only with respect to their liability as grantor of franchise to you.</u> (emphasis added).

3

(3d Cir. 2005) quoting Frain v. Keystone Ins. Co., 433 Pa.Super. 462, 640 A.2d 1352, 1354 (1994). As set forth above, there is nothing ambiguous here.

The "reasonable expectations" doctrine allows the court to find coverage even when it is unambiguously excluded – but only where the insurer has done something to create an expectation that the clear policy language does not apply. "Even the most clearly written exclusion will not bind the insured where the insurer or its agent has created in the insured a reasonable expectation of coverage." Reliance Ins. Co. v. Moessner 121 F.3d 895, 903 (3d Cir. 1997)(citing cases). However, where there is no showing of some action by the insurer to create an expectation of coverage that is greater than the actual policy, the words of the policy control. "The language of the insurance policy will provide the best indication of the content of the parties' reasonable expectations." Bensalem Tp. v. International Surplus Lines Ins. Co., 38 F.3d 1303, 1309 (3d Cir. 1994).

The only basis for an extra-contractual "expectation" pleaded by SPFS is the "Certificate of Liability Insurance" issued by the insurance broker. But, as set out at length in Twin City's own brief in support of its motion, the "Certificate" itself expressly proclaims – in bold type at the top of the page – that it confers no rights, does not change the policy, and was issued "as a matter of information only." Courts nationwide have rejected arguments that such certificates can create coverage, or a reasonable expectation of coverage. Twin City Brief, 6/30/22, II.B.3.

## II.   CONCLUSION

The underlying complaints in the Jackiw case do not allege any facts or theories that seek to impose liability against SPFS as a grantor of a franchise to Original Soft Pretzel, which is, unambiguously, the only way SPFS qualifies as an additional insured

4

under the Twin City Policy, and SPFS had no reasonable expectation that it would be covered as an additional insured where no such allegations exist.

For these reasons, Defendant Twin City Fire Insurance Company requests that SPFS' motion for judgment on the pleadings be denied.

**DILWORTH PAXSON LLP**

By: */s/ Gerald D. Wixted*
Gerald D. Wixted
2 Research Way
Princeton, New Jersey 08540
TEL: (609) 924-6000
FAX: (215) 893-8537
gwixted@dilworthlaw.com

*Attorneys for Defendant*
Twin City Fire Insurance Company

Dated: July 14, 2022
Princeton, New Jersey

5