IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SOFT PRETZEL FRANCHISE SYSTEMS, INC. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| TWIN CITY FIRE INSURANCE CO. | : | NO. 22-1277 |
| | : | |

MEMORANDUM

Bartle, J.                                    August 4, 2022

Plaintiff Soft Pretzel Franchise Systems, Inc. ("Pretzel Franchise") has filed this declaratory judgment action against defendant Twin City Fire Insurance Co. ("Twin City"). Plaintiff seeks a declaration that Twin City owes it a duty under its policy to defend and indemnify it in connection with an action pending against it in the Court of Common Pleas of Philadelphia County. Before this court are cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

I

Rule 12(c) provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The court, in determining a motion for judgment on the pleadings accepts as true all well-pleaded facts in the complaint and applies the same analysis applicable to a motion to dismiss

under Rule 12(b)(6).  Wolfington v. Reconstructive Orthopaedic
Assocs. II PC, 935 F.3d 187, 195 (3d Cir. 2019).  In doing so,
the court may also consider undisputed documents relied upon in
the complaint.  Doe v. Princeton Univ., 30 F.4th 335, 342
(3d Cir. 2022).  In this case, the insurance policy in issue as
well as a Certificate of Liability Coverage are such documents.
Here there are no material disputes of fact and only questions
of law exist.  See Jablonski v. Pan Am. World Airways, Inc., 863
F.2d 289, 290-91 (3d Cir. 1988).

                                II

        The underlying state court action is Jackiw v.
American Conveyor Systems, Inc., Civil Action No. 1129,
September Term 2021.  In her first amended complaint, Jackiw
avers that she suffered personal injuries caused by a defective
and unreasonably dangerous pretzel rolling machine while working
at a Philly Pretzel Factory in the Frankford section of
Philadelphia.  She has sued a number of defendants including
Pretzel Franchise for strict liability, breach of warranty, and
negligence.

        Twin City had issued a business owner's policy to
An Original Soft Pretzel Factory, Inc. ("Pretzel Factory"), the

employer of Jackiw and the franchisee of Pretzel Franchise.[1]  The
Twin City policy provides in relevant part:

      A. COVERAGES

         1. BUSINESS LIABILITY COVERAGE
           (BODILY INJURY, PROPERTY DAMAGE,
           PERSONAL AND ADVERTISING INJURY)

           Insuring Agreement

         a. We will pay those sums that
           the insured becomes legally
           obligated to pay as damages
           because of "bodily injury",
           "property damage" or "personal
           and advertising injury" to
           which this insurance applies.
           We will have the right and
           duty to defend the insured
           against any "suit" seeking
           those damages. However, we
           will have no duty to defend
           the insured against any "suit"
           seeking damages for "bodily
           injury", property damage" or
           "personal and advertising
           injury" to which this
           insurance does not apply.

      The policy also provides certain additional
insured coverages:

      F. OPTIONAL ADDITIONAL INSURED
      COVERAGES

      If listed or shown as applicable in the
      Declarations, one or more of
      the following Optional Additional
      Insured Coverages also apply

---

1.    Pretzel Factory had also been named as a defendant in the
original state court complaint but was dropped as a defendant in
the first amended complaint.

. . .

    3. Additional Insured – Grantor Of
      Franchise

    WHO IS AN INSURED under Section C.
    is amended to include as an
    additional insured the person(s) or
    organization(s) shown in the
    Declarations as an Additional
    Insured – Grantor Of Franchise, but
    only with respect to their liability
    as grantor of franchise to you.

The following endorsement is contained in the policy:

    THIS ENDORSEMENT CHANGES THE POLICY.
    PLEASE READ IT CAREFULLY.

    ADDITIONAL INSURED – GRANTOR FRANCHISE

    LOC 001/002 BLDG 001
    SOFT PRETZEL FRANCHISE SYSTEMS INC
    1525 FORD RD
    BENSALEM, PA 19020

When the policy was issued on March 1, 2020, the producing broker issued a Certificate of Liability Insurance to Pretzel Franchise which stated, "Soft Pretzel Franchise Systems, Inc. is named an additional insured with regards to the general liability."

The Certificate also cautioned:

    THIS CERTIFICATE IS ISSUED AS A MATTER
    OF INFORMATION ONLY AND CONFERS NO
    RIGHTS UPON THE CERTIFICATE HOLDER.
    THIS CERTIFICATE DOES NOT AFFIRMATIVELY
    OR NEGATIVELY AMEND, EXTEND OR ALTER
    THE COVERAGE AFFORDED BY THE POLICIES

BELOW. THIS CERTIFICATE OF INSURANCE
DOES NOT CONSTITUTE A CONTRACT BETWEEN
THE ISSUING INSURER(S), AUTHORIZED
REPRESENTATIVE OR PRODUCER, AND THE
CERTIFICATE HOLDER.


III

The court now turns to the question whether Twin City has a duty to defend and/or indemnify Pretzel Franchise.  Under Pennsylvania law, the court must first review the allegations within the four corners of the underlying complaint to determine whether any of the claims are actually or potentially encompassed within the scope of the coverage provided by the insurance policy.  American & Foreign Ins. Co. v. Jerry's Sport Ctr., Inc., 2 A.3d 526, 541 (Pa. 2010).  If any claim is within the insurance coverage, there is a duty to defend.  If there is no duty to defend, there is no duty to indemnify.  Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 225 (3d Cir. 2005).

The interpretation of an insurance policy is a question of law properly decided by the court.  Med. Protective Co. v. Watkins, 198 F.3d 100, 103 (3d Cir. 1999).  The primary goal is to ascertain the parties' intentions as manifested by the policy's terms.  401 Fourth St., Inc. v. Inv'rs Ins. Grp., 879 A.2d 166, 171 (Pa. 2005).  "When the language of the policy is clear and unambiguous, a court is required to give effect to that language."  Id.  Alternatively, when a term in the policy

-5-

is ambiguous, "the policy is to be construed in favor of the
insured to further the contract's prime purpose of
indemnification and against the insurer."  Id.

        The claims in the underlying lawsuit against Pretzel
Franchise are for strict liability, breach of warranty, and
negligence related to injuries suffered by Jackiw and caused by
an allegedly defective and unreasonably dangerous pretzel
rolling machine.  The amended complaint avers that Pretzel
Franchise had responsibility for the implementation and
enforcement of safety procedures at Philly Pretzel Factory
facilities.  Included are other allegations that it designed and
placed in commerce the defective machine and failed to inspect,
repair, and maintain it.  The Twin City policy specifically
limits coverage for Pretzel Franchise to its role as grantor of
the franchise to Pretzel Factory.  Jackiw's pleading does not
predicate liability against Pretzel Franchise as a franchisor.
The claims pleaded by Jackiw simply have nothing to do with
Pretzel Franchise as grantor of a franchise to Pretzel Factory.
Thus, Twin City has no duty to defend or indemnify Pretzel
Franchise under the terms of its insurance policy.

        Pretzel Franchise also relies on the wording of the
Certificate of Liability Insurance issued to it by the broker
when the Twin City policy took effect.  While the Certificate
states that "[Pretzel Franchise] is named as additional insured

-6-

with regards to the general liability,"[2] it cautions in bold type at the top of the Certificate that it "confers no rights upon the Certificate Holder [Pretzel Franchise]" and "does not affirmatively or negatively amend, extend or alter the coverage afforded by the policies below."  Since the Certificate is not part of the Twin City policy and provides no coverage beyond the terms of the policy, it is of no help to Pretzel Franchise here.

Accordingly, the motion of Twin City for judgment on the pleadings will be granted, and the motion of Pretzel Franchise for judgment on the pleadings will be denied.

---

2.   The broker does not represent the insurer but instead acts on behalf of the person obtaining the insurance.  40 Pa. Con. Stat. § 991.1301.  Thus any statement by the broker on the Certificate concerning coverage under the policy cannot bind Twin City.